PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4468
_____

MAMADOU NBAYE,
(a/k/a AMADOU KORKA DIALLO),

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent
_____

On Petition for Review of the Decision and
Order of the Board of Immigration Appeals
(BIA No. A097 520 789)
Honorable Grace A. Sease, Immigration Judge
_____

Submitted under Third Circuit LAR 34.1(a)
October 6, 2011

BEFORE:  McKEE, Chief Judge, and FUENTES and
GREENBERG, Circuit Judges

(Filed: October 20, 2011)

_____

Randall L. Johnson
Johnson & Associates
2000 Clarendon Blvd.
Suite 201
Arlington, VA 22201

   <u>Attorneys for petitioner</u>

Eric H. Holder
Attorney General
Thomas W. Hussey
Tony West
Assistant Attorney General
Civil Division
Ada E. Bosque
Senior Litigation Counsel
Puneet Cheema
Trial Attorney
Office of Immigration Litigation
U.S. Department of Justice, Civil Division
P.O. Box 878, Ben Franklin Station
Washing, D.C. 20044

   <u>Attorneys for respondent</u>

_____

OPINION OF THE COURT

_____

2

GREENBERG, Circuit Judge.

This matter comes on before this Court on a petition for review of a decision and order of the Board of Immigration Appeals ("BIA") dated October 29, 2010, denying petitioner Mamadou Nbaye's motion to reopen his proceedings seeking asylum, withholding of removal, and relief under the Convention Against Torture based on changed country conditions in Guinea, his country of origin. He filed that motion seeking reconsideration of the BIA's denial of his earlier motion to reopen and reconsideration of the earlier orders denying him relief. This case has a long history which we need not set forth in detail. Rather, it is sufficient for us to point out that Nbaye sought to enter this country with a stolen French passport on February 22, 2005, but was intercepted at that time. Subsequently, numerous proceedings ensued arising from the Department of Homeland Security initiating removal proceedings against him. In these proceedings, Nbaye sought the three types of relief we listed above, as he claims to fear returning to Guinea because he believes that if he returns he will be persecuted on account of his political opinion attributable to his membership in the Rally of Guinean People Party ("RPG").

Nbaye consistently has been unsuccessful in the numerous proceedings that followed his unlawful entry into this country, and has been subject to an administratively final order of removal since December 12, 2005. Nevertheless, he remains in this country. In its October 29, 2010 decision and order the BIA held that to the extent Nbaye's filing then before it was a motion for reconsideration of a decision denying a prior motion for reconsideration, 8 C.F.R. § 1003.2 barred the motion. To the

3

extent that Nbaye was seeking a reopening of the proceedings, the BIA denied Nbaye's motion because: (1) he had not shown that there was a change in country conditions in Guinea that was material to his claim, and (2) the motion was both time and number barred. See 8 U.S.C. § 1229a(c)(7); 8 C.F.R. § 1003.2(c). Nbaye then filed the petition for review now before us.

During his convoluted proceedings, Nbaye has contended that he has been subject to persecution because of this involvement with the RPG. In his presentations, Nbaye has included evidence that a military junta rather than the RPG was in power in Guinea on September 28, 2009, and that it massacred its political opponents on that day. In the current proceedings, Nbaye summarizes his argument as follows:

> The Board decision dated October 29, 2010, is manifestly contrary to law and an abuse of discretion. The BIA abused its discretion in finding that the conditions in Guinea were substantially the same for RPG members after the September 2009 massacre. The Petitioner's evidence submitted in his motion to reopen clearly shows a change in treatment of opposition party members in the wake of the September 2009 massacre.

Petitioner's br. at 11.

In the course of our review of this case, it came to our attention that since December 2010 when there was a change of government, the RPG has been the governing party in Guinea.

4

Naturally we questioned whether this change in government undercut Nbaye's claim for relief, as he clearly attributed his persecution to his involvement with the RPG. Consequently, we had our clerk address a letter to the attorneys on this appeal which in material part reads as follows:

> The Guinea People Party ("RPG") recently came to power in Guinea. The Petitioner, a member of the RPG has repeatedly sought asylum and withholding of removal for fear of persecution based on political opinion. Counsel for the parties are directed to submit letter briefs . . . addressing the impact, if any, the changed political circumstances in Guinea have on Nbaye's claim for relief and also addressing why the matter should not be remanded to the [BIA] to consider the changed country conditions.

The attorneys have filed the letter briefs as we directed. Nbaye contends that we should grant his petition for review on the current record or, alternatively, should remand the case to the BIA for consideration of the new evidence, since the record has closed on the petition for review now before us. The Attorney General responded that we lack jurisdiction to consider evidence of changed conditions in Guinea that occurred after the BIA's decision because our review is limited to consideration of the existing administrative record. See 8 U.S.C. § 1252(b)(4)(A). The Attorney General further contends that Nbaye is not entitled to relief on the current record and thus there is no need to remand the case. Accordingly, the Attorney General argues that it would be futile to remand the matter for

further proceedings.  Significantly, the parties' briefs confirm that the RPG has come to power.

We recognize that our precedents demonstrate that we have declined to take judicial notice of materials not in the record on petition for review in removal cases, see Wong v. Att'y Gen., 539 F.3d 225, 234 n.4 (3d Cir. 2008); Borishaj v. Ashcroft, 378 F.3d 314, 330 (3d Cir. 2004), and we further recognize that 8 U.S.C. § 1252(b)(4)(A) requires that a court of appeals decide a petition for review of an order of removal only on the record on which the order was entered.  On the other hand, we are aware that other courts of appeals have asserted that they have discretion to take judicial notice of changes in political situations that have occurred after the issuance of an order of removal.  See Hoxhallari v. Gonzalez, 468 F.3d 179, 186 n.5 (2d Cir. 2006) (per curiam).  It seems to us that it would be myopic to ignore the circumstance that the RPG has come to power in Guinea inasmuch as Nbaye attributes his persecution to membership in that party.

We have concluded that although we cannot decide the case on the basis that there has been a change in power in Guinea, our precedents and 8 U.S.C. § 1252(b)(4)(A) on the one hand and the seemingly appropriate way to proceed in this matter on the other can be accommodated by remanding the case to the BIA so that it can consider the change in power in Guinea.  After all, by remanding the matter for BIA's consideration of the change in power we neither would be approving nor rejecting the BIA's decision and order.  See Borishaj, 378 F.3d at 330.

We realize that the Attorney General contends that it would be futile to remand the matter because, even without regard for the change in government, Nbaye cannot prevail in his effort to avoid removal. We, however, reject this basis for avoiding remand as it is possible, though we do not express an opinion on this point, that based on the current record we could grant Nbaye substantive relief on his petition for review but that on remand the BIA may determine that the change in government precludes Nbaye from obtaining relief. In that scenario the remand surely would not have been futile. Rather, it would have been outcome determinative.

For the foregoing reasons, we grant the petition for review to the limited extent that we will vacate the October 29, 2010 decision and order denying Nbaye's motion but do so without prejudice to the BIA reinstating the decision and order on the remand. Thus, we do not base the vacation of the decision and order on our assessment of the merits of Nbaye's petition. On the remand the BIA should consider the possible effect of the change in power in Guinea.

No costs will be taxed in these proceedings.