**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1257
_____

JIAN QUN LI,
                              Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                              Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A087-464-833)
Immigration Judge:  Honorable Michael W. Straus

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 5, 2013

Before:  SMITH, GREENAWAY, JR., SHWARTZ, <u>Circuit</u> <u>Judges</u>

(Opinion filed: June 6, 2013)
_____

OPINION
_____

PER CURIAM

        Jian Qun Li, a native and citizen of the People's Republic of China, petitions for review

of the Board of Immigration Appeals' ("BIA") final order of removal.  For the reasons that

follow, we will deny the petition for review.

Li is from Wenzhou City in Zhejiang Province. She entered the United States without a valid entry document on August 2, 2002. Li's two children, a daughter born in 2005 and a son born in 2009, were both born in New York. In January 2009, Li filed an application for asylum, withholding of removal, and protection under the Convention Against Torture. Li claimed a well-founded fear of persecution if removed to China due to the birth of her two children in contravention of China's family planning laws. After submitting her application, Li was placed in asylum only proceedings. Li supplemented her asylum application to include a claim of persecution on the basis of her Christian religion, which she began practicing in February 2009.

In support of her claim of persecution based on violation of family planning policies, Li submitted, inter alia, documentation of family planning policies in her hometown and the hometown of her husband, a letter from a family planning office that stated Li should be sterilized, evidence of individuals in Zhejiang Province who have been forcibly sterilized or had witnessed forcible sterilization, and reports on family planning policies in China. In support of her claim of persecution based on her Christian religion, Li submitted evidence that she attended a Christian church and a letter in which Li's friend described her own arrest due to membership in a house church. Li also testified that if she was removed to China, she would continue to practice Christianity in an unsanctioned house church as opposed to a government-approved church.

The Immigration Judge ("IJ") considered the aforementioned evidence and several

United States Department of State documents, including "2010 Country Reports on Human Rights Practices" and "International Religious Freedom Report 2010." The IJ denied Li's application in July 2011 after finding that Li failed to establish a well-founded fear of persecution. The BIA dismissed Li's appeal, and Li timely filed a petition for review.

II.

This Court has jurisdiction to review a final order of removal under 8 U.S.C. § 1252(a)(1). In this instance, because the BIA issued its own opinion on the merits, we review its decision rather than that of the IJ. See Li v. Att'y Gen., 400 F.3d 157, 162 (3d Cir. 2005). However, to the extent that the BIA deferred to or adopted the IJ's reasoning, we also look to and consider the decision of the IJ on those points. See Chavarria v. Gonzalez, 446 F.3d 508, 515 (3d Cir. 2006).

Conclusions regarding whether a petitioner has a well-founded fear of persecution are findings of fact. Id. We review factual findings under the substantial evidence standard, see id., and uphold them "unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). Under this deferential standard of review, we will not disturb the BIA's disposition "[s]o long as the BIA's decision is supported by 'reasonable, substantial, and probative evidence on the record considered as a whole.'" Chavarria, 446 F.3d at 515 (quoting INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992)).[1]

---

[1] Because Li does not argue in her brief that the BIA erred in denying her Convention Against Torture claim, that issue is waived. See Garcia v. Att'y Gen., 665 F.3d 496, 502 (3d Cir. 2011). Our review is limited to Li's asylum and withholding of removal claims.

Li did not claim to have suffered persecution in the past, and applied for asylum on the basis of a well-founded fear of persecution if she were removed to China. See Dong v. Att'y Gen., 638 F.3d 223, 228 (3d Cir. 2011). In order to make this showing, Li "must demonstrate 'a subjective fear . . . that is supported by objective evidence that persecution is a reasonable possibility.'" Yu v. Att'y Gen., 513 F.3d 346, 348 (3d Cir. 2008) (omission in original) (quoting Balasubramanrim v. INS, 143 F.3d 157, 165 (3d Cir. 1998)). While abhorrent, not all "harassment and discrimination" necessarily rises to the level of persecution contemplated by the asylum statute. Wong v. Att'y Gen., 539 F.3d 225, 236 (3d Cir. 2008), abrogated on other grounds by, Nbaye v. Att'y Gen., 665 F.3d 57 (3d Cir. 2011).

Regarding her family planning claim, Li argues that the BIA erred in determining that she failed to satisfy the three-prong test outlined in In re J-H-S-, 24 I. & N. Dec. 196 (BIA 2007), used to determine whether Chinese nationals have demonstrated a well-founded fear of persecution due to violation of family planning policies. In Li's case, the IJ and BIA focused on the third prong, "evidence that local enforcement efforts" against a violation of local family planning policies "will rise to the level of persecution," and found the evidence insufficient to conclude that Li would be persecuted. Id. at 201.

Li argues that the IJ did not properly explain why he did not favorably credit Li's individualized documentary evidence submitted in support of her claim of persecution. Li incorrectly asserts that "[t]he documents have been authenticated through credible testimony," and provides a general citation to Vatyan v. Mukasey, 508 F.3d 1179 (9th Cir. 2007), which is

not binding on this Court and does not establish that the documents were authenticated through testimony.[2] As noted by the BIA, letters Li submitted from residents in her region that claimed they were sterilized were not directly applicable because the letters did not show that the residents had children born in the United States or that their sterilization was forced. The BIA also concluded that a letter obtained from a local family planning office that stated Li should be sterilized was of limited use because it was obtained for litigation, was unsigned, had not been authenticated, and dated from October 2008.

Li also contends that the IJ erred by placing greater reliance on Department of State reports than her individualized documentary evidence. The BIA and the IJ concluded that the evidence in support of Li's claim that she would be forcibly sterilized was not enough to overcome the BIA's previous finding that "physical coercion to achieve compliance with family planning goals" in China is rare, unsanctioned, and compliance is more likely to be sought through economic measures. In re J-H-S-, 24 I. & N. at 203. After review of the record, we find that substantial evidence supports the BIA's dismissal of Li's claim of fear of forced sterilization. See Chen v. Att'y Gen., 676 F.3d 112, 114-15 (3d Cir. 2011) (finding persuasive BIA's conclusion that physical coercion is rare in China); Yu v. Att'y Gen., 513 F.3d 346, 349 (3d Cir. 2008) ("This Court has repeatedly recognized that State Department reports may constitute substantial evidence.").

---

[2] The holding in Vatyan merely states that "the IJ must consider [a petitioner]'s testimony as evidence that is relevant to the issue of the documents' authenticity. After listening to the testimony for this purpose, the IJ can assess the credibility of that testimony and determine whether the balance of the evidence" indicates the documents are genuine. Vatyan, 508 F.3d at 1185.

Li also argues that the BIA failed to consider evidence that she would be fined so severely that it would constitute persecution. Persecution for refusal to comply with coercive population control policies is not limited to physical force; it may also take the form of "deliberate imposition of severe economic disadvantage which threatens a petitioner's life or freedom." Li v. Att'y Gen., 400 F.3d 157, 168 (3d Cir. 2005). The economic persecution standard is stringent, but not insurmountable. See id. n.7 ("[T]he economic harm . . . must be severe, [but] we do not require complete loss of all means of earning a livelihood, nor do we require evidence of near-starvation, for economic restrictions to rise to the level of persecution."). The BIA agreed with the IJ's conclusion that there was insufficient evidence to support Li's claim that she would be fined in a manner that amounted to persecution. Li testified that she would likely be fined $40,000 RMB, an amount that correlates with a Fujian Province fine schedule for violations of family planning policies; in her brief, Li relied on the Fujian Province fine schedule and did not address fines in Zhejiang Province. When asked if she could pay such a fine, Li said that she could but would not want to.[3] In light of her testimony and the background evidence, the record does not compel a contrary outcome to the BIA's dismissal of Li's claim that she would be economically persecuted.

Li next argues that the BIA erred by concluding that it was speculative to believe that she would join a house church and be persecuted. Li contends that the BIA improperly discounted her testimony that she would join a house church in China and that house church members in her region had been persecuted. The BIA approved of the IJ's greater reliance on

---

[3] Li implies in her brief that a fine of $40,000 RMB would equal ten times her annual income. This statement was not supported and there was no citation to the record.

background evidence describing religious persecution in China than a letter from Li's friend detailing persecution of house church members.[4] The record before us, including Li's current church membership and the background evidence, does not compel a contrary outcome to the BIA's dismissal of this claim. See, e.g., Chen v. Gonzales, 470 F.3d 1131, 1137-38 (5th Cir. 2006) (discussing the 2003 Religious Freedom Report in the context of a similar claim); see also Yu, 513 F.3d at 349.

III.

Based on review of the record, we conclude that Li failed to meet her burden of demonstrating a well-founded fear of persecution based on her religion and an objectively reasonable possibility of sterilization should she return to China; the evidence in the record does not compel a conclusion contrary to that of the BIA. Because Li did not meet the standard for obtaining asylum, she also failed to satisfy the "higher burden of proof" required for withholding of removal. Chen, 676 F.3d at 117. For the foregoing reasons, we will deny the petition for review.

---

[4] Based on his review, the IJ concluded that although persecution of members of house churches does occur, millions of Christians attend house churches in China, and pastors, not members, are typically targeted.