NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1722
_____

XIAN YONG LI,
                    Petitioner

v.

ATTORNEY GENERAL OF THE
UNITED STATES OF AMERICA,
                    Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A095-800-142)
Immigration Judge:  Honorable Annie S. Garcy
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 3, 2013
Before:  FUENTES, HARDIMAN and VAN ANTWERPEN, Circuit Judges

(Opinion filed: September 18, 2013)
_____

OPINION
_____

PER CURIAM

Xian Yong Li, a native and citizen of the People's Republic of China, petitions for

review of the Board of Immigration Appeals' ("BIA") final order of removal entered on

February 26, 2013.  For the reasons that follow, we will deny the petition for review.

I.

In May 2009, shortly after entering the United States without inspection, Li was served with a notice to appear. Li conceded removability, but sought relief in the form of asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). Li claimed that he had previously been persecuted and that he had a well-founded fear of future persecution for failing to comply with China's family planning policies. He also claimed a well-founded fear of future persecution due to his Christian religion and for having left China illegally.

Li testified in support of his application before an Immigration Judge ("IJ"). In support of his claim of persecution based on resistance to family planning policies, Li testified that he was arrested after a private doctor removed his wife's intrauterine device so that she could have more children. Li was detained for approximately 24 hours, interrogated about his violation of family planning policies, fed only once, and punched and kicked several times. He did not require medical attention upon release.

In support of his claim of persecution based on his religion, Li testified that while in China he began practicing Christianity in unregistered house churches. Li was not harassed due to his religious practice, but he heard that a fellow church member was arrested and beaten. Li has continued to practice Christianity in the United States. Li testified that if he returned to China he would practice in an unregistered house church, but he fears persecution due to his faith. The documentary evidence Li submitted included the State Department's 2010 International Religious Freedom Report for China and the State Department's 2007 Asylum Profile for China.

2

The IJ denied Li's requests for relief and ordered his removal to China. Li appealed. Regarding Li's claim of persecution due to his violation of family planning policies, the BIA agreed with the IJ's findings that his detainment and physical abuse did not rise to the level of persecution; the BIA also agreed that Li failed to show a well-founded fear of future persecution. With respect to Li's religious persecution claim, the BIA agreed that Li did not allege past persecution. Additionally, the BIA concurred that Li did not show a well-founded fear of future persecution because he did not establish that anyone in China was aware of his religion and he did not establish that there is a pattern of persecution against Christians in China. The BIA also concluded that Li failed to establish that it is more likely than not that he will be tortured in China. The BIA dismissed Li's appeal, and he timely filed a petition for review.

## II.

We have jurisdiction to review a final order of removal under 8 U.S.C. § 1252(a)(1).[1] In this instance, because the BIA issued its own opinion on the merits, we review its decision rather than that of the IJ. See Li v. Att'y Gen., 400 F.3d 157, 162 (3d Cir. 2005). We review the BIA's factual findings under the substantial evidence standard. See Sandie v. Att'y Gen., 562 F.3d 246, 251 (3d Cir. 2009). The BIA's findings are considered "conclusive unless any reasonable adjudicator would be

---

[1] Li did not argue before the BIA that the IJ erred in finding that he failed to establish eligibility for relief on the basis of his illegal departure. Because Li did not present this claim to the BIA and did not argue it in his brief in support of his petition for review, the claim is waived. See Garcia v. Att'y Gen., 665 F.3d 496, 502 (3d Cir. 2011).

compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). We exercise de novo review over the BIA's legal decisions. See Sandie, 455 F.3d at 251.

To establish eligibility for asylum, Li needed to demonstrate either past persecution or a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. See 8 U.S.C. §§ 1101(a)(42)(A), 1158(b)(1); see also Wang v. Gonzales, 405 F.3d 134, 138-39 (3d Cir. 2005). A petitioner's burden to prove eligibility for a grant of withholding of removal is higher than the burden to prove eligibility for asylum: the petitioner must establish a "clear probability" that he would suffer persecution if he returns to his country of nationality. See Ghebrehiwot v. Att'y Gen., 467 F.3d 344, 351 (3d Cir. 2006). To be eligible for withholding of removal under the CAT, Li needed to demonstrate that it is more likely than not that he would be tortured if removed to China. 8 C.F.R. § 1208.16(c)(2).

### III.

Li argues that he has shown past persecution on the basis of his opposition to family planning policies, which resulted in his detainment, interrogation, and beating. While abhorrent, not all "harassment and discrimination" necessarily rises to the level of persecution contemplated by the asylum statute. Wong v. Att'y Gen., 539 F.3d 225, 236 (3d Cir. 2008), abrogated on other grounds by, Nbaye v. Att'y Gen., 665 F.3d 57 (3d Cir. 2011). "[P]ersecution connotes extreme behavior, including 'threats to life, confinement, torture, and economic restrictions so severe that they constitute a threat to life or freedom.'" Ahmed v. Ashcroft, 341 F.3d 214, 217 (3d Cir. 2003). The BIA correctly

4

concluded that Li's brief detainment and beating, which did not result in serious injuries, did not rise to the level of persecution. See Kibinda v. Att'y Gen., 477 F.3d 113, 119 (3d Cir. 2007) (holding that a five-day detention and beating that required stitches and left a scar did not constitute persecution); Voci v. Gonzales, 409 F.3d 607, 615 (3d Cir. 2005) ("[O]ur cases suggest that isolated incidents that do not result in serious injury do not rise to the level of persecution.").

Substantial evidence likewise supports the BIA's conclusion that Li failed to show that he possesses a well-founded fear of future persecution due to his opposition to China's family planning policies. Li argues that he established a well-founded fear of future persecution to the family planning policy because the Government did not rebut the presumption afforded him. See 8 C.F.R. § 1208.13(b)(1); see also Lukwago v. Ashcroft, 329 F.3d 157, 174 (3d Cir. 2003). Li does not receive the benefit of that presumption, however, because he did not demonstrate past persecution. See Lukwago, 329 F.3d at 174.

To establish a well-founded fear of future persecution in China based on his opposition to family planning policies, Li was required to show a subjective fear of persecution, supported by objective evidence that persecution is a reasonable possibility. See Abdulrahman v. Ashcroft, 330 F.3d 587, 592 (3d Cir. 2003). The evidence in the record shows that, despite Li's claim of other resistance to the family planning policy, see 8 U.S.C. § 1101(a)(42), Chinese officials have not sought to arrest or punish him. Thus, substantial evidence supports the BIA's conclusion that Li has not established a well-

5

founded fear of persecution based on his other resistance to family planning policies. See Abdulrahman, 330 F.3d at 592.

Regarding Li's religious persecution claim, substantial evidence supports the BIA's determination that Li failed to show a well-founded fear of future persecution. Li did not allege past persecution on the basis of his religion. Li can show an objectively reasonable fear of future persecution by showing either that he would be individually selected for persecution or by demonstrating a "pattern or practice" of persecution of Christians in China. See Lie v. Ashcroft, 396 F.3d 530, 536 (3d Cir. 2005) (quoting 8 C.F.R. § 208.13(b)(2)(iii)(A)). The documentary evidence, including the 2010 International Religious Freedom Report and the 2007 Asylum Profile, shows that there are millions of Christians worshipping in unregistered house churches in China and that some are persecuted. The frequency of persecution varies greatly by region, however, and often only church leaders or proselytizers are targeted. Li has not alleged that he is or is likely to become a church leader or proselytizer, nor has he shown that officials are aware of his religious belief. Further, although Li claimed that church members in his hometown were persecuted, his testimony and affidavits in support of this claim did not identify specific members persecuted or provide supporting evidence. Li also did not show that persecution was pervasive or widespread. See, e.g., Lie, 396 F.3d at 537. Accordingly, the record before us does not compel a contrary outcome to the BIA's rejection of this claim. See Yu v. Att'y Gen., 513 F.3d 346, 349 (3d Cir. 2008) ("This Court has repeatedly recognized that State Department reports may constitute substantial evidence."). Because Li did not meet the standard for obtaining asylum, he also failed to

6

satisfy the "higher burden of proof" required for withholding of removal.  <u>Chen v. Att'y Gen.</u>, 676 F.3d 112, 117 (3d Cir. 2011).

Finally, in order to be eligible for withholding of removal under the CAT, Li needed to demonstrate that it is more likely than not that he would be tortured if removed to China.  8 C.F.R. § 1208.16(c)(2).  Li has not shown that the record compels a finding that he would likely be tortured by, or with the acquiescence of, the Chinese government if removed to China.  <u>See</u> <u>Kaita v. Att'y Gen.</u>, 522 F.3d 288, 300 (3d Cir. 2008) (noting that eligibility for relief under CAT is based wholly on objective evidence).

IV.

For the foregoing reasons, we will deny the petition for review.