BRIGHT, Circuit Judge,
concurring.
I concur in the dismissal of Naveed Tho-bhani’s petition for review of the decision of the Board of Immigration Appeals (BIA) denying his motion to reopen. However, I do not agree that a jurisdictional bar exists against all of Thobhani’s claims for appellate relief. Specifically, I would conclude that we have jurisdiction to remand to the BIA for consideration of new evidence, but that Thobhani has not established adequate grounds for us to do so. Therefore, I concur in the result.
In his brief, Thobhani raises two claims. First, he asserts that this court should take judicial notice of new evidence contained in an addendum to his brief and remand to the BIA for reconsideration of his motion to reopen in light of that evidence. (Pet’r Br. at 23.) Second, he asserts that the BIA abused its discretion in denying his motion to reopen. (Pet’r Br. at 25.)
I agree with the majority that we do not have jurisdiction to review Thobhani’s second claim — that the BIA abused its discretion. Because the Immigration Judge found that Thobhani is a criminal alien, our review of a final order of removal is limited to constitutional claims and questions of law. See 8 U.S.C. § 1252(a)(2)(C)(D); Hanan v. Mukasey, 519 F.3d 760, 762 (8th Cir.2008). Thobha-ni’s claim that the BIA abused its discretion challenges the BIA’s factual determination that Thobhani did not demonstrate changed country conditions in Pakistan. Because this is not a constitutional or legal challenge, we have no jurisdiction to review it.
The same cannot be said about Thobha-ni’s first claim — that we should take judicial notice of new evidence and remand to the BIA. Under 8 U.S.C. § 1252(a)(2)(C)-(D), our jurisdiction is only limited with respect to a “review [of] any final order of removal against an alien who is removable by reason of having committed a criminal offense.” (Emphasis added.) Here, taking judicial notice and remanding to the BIA does not require a review of the BIA’s evidence or decision, but only a determination that the BIA should reconsider Tho-bhani’s motion on the merits in light of evidence that was not available to the BIA at the time it rendered its decision. We have jurisdiction to take such action notwithstanding 8 U.S.C..§ 1252(a)(2)(C)(D).
As a matter of fairness to the petitioner, we should be able to exercise our independent discretion to take judicial notice of significant changes in a country that occur between the time of the BIA’s decision and our review. I am not alone in this view. See Nbaye v. Att’y Gen. of the United States, 665 F.3d 57, 59-60 (3d Cir.2011) (taking judicial notice of a change in power in Guinea and remanding to the BIA for consideration of that evidence); Hoxhallari v. Gonzales, 468 F.3d 179, 186 n. 5 (2d Cir.2006) (per curiam) (“Of course, we may always exercise independent discretion to take judicial notice of any further changes in a country’s politics that occurred between the time of the BIA’s determination decision [sic] and our review.”); Gafoor v. INS, 231 F.3d 645, 655-56 (9th Cir.2000) (taking judicial notice of changed country conditions in Fiji that occurred after the *679 BIA affirmed the denial of petitioner’s asylum request), superceded, by statute on other grounds; Kaczmarczyk v. INS, 933 F.2d 588, 594 n. 4 (7th Cir.1991) (“We exercise here our discretion to take judicial notice of further changes in Polish politics that occurred between the time of the BIA’s decision and our review.”), cert. denied, 502 U.S. 981, 112 S.Ct. 583, 116 L.Ed.2d 608 (1991). In these circumstances, however, our exercise of judicial notice should generally be limited to “dramatic foreign developments.” See Gafoor, 231 F.3d at 656.
Here, the BIA denied Thobhani’s motion to reopen, stating:
Even assuming [Thobhani’s] untimely motion to reopen for protection under the [Convention Against Torture] may be considered under the exception for changed circumstances or conditions in the country of nationality, [Thobhani] has not demonstrated that the exception applies to this motion.
(Order at 1.) Now, Thobhani seeks our approval of new evidence in the form of newspaper reports and affidavits to establish changed country conditions and ultimately relief under the Convention Against Torture. The problem for Tho-bhani is two-fold. The tendered evidence is not in a proper posture for us to take judicial notice and, even if we did take judicial notice, the evidence is similar to that previously presented to and rejected by the BIA as insufficient to establish a material change in conditions in Pakistan. The evidence tendered in any event is not sufficiently “dramatic” to warrant a remand. Therefore, I would decline to take such action.
I concur in the dismissal for the reasons stated above.