GARTH, Circuit Judge,
dissenting:
Wen Shi, the Chinese petitioner in this matter, has been in the United States since 1997 and has two children who are United States citizens. Shi has alleged that she has become a devout Catholic and would face religious persecution as well as “coercive population control policies” if she were returned to China. As the majority observes correctly, the relevant inquiry in this case is whether Shi has shown “changed country conditions” that would lend credence to her claims that she would face persecution were she to be removed to her native country.[1]
In rejecting Shi’s claim, the BIA concluded that she had failed to show changed country conditions because, inter alia: (1) the letters from family and neighbors that *147 she submitted in support of her claim had not been substantiated and were not of the sort of evidence that we had deemed sufficient or credible in the past; and (2) the 2011 Religious Freedom Report and the State Department’s 2011 Country Report failed to provide credible individualized evidence that Shi would be subject to persecution.
Unlike the majority, I conclude that the BIA abused its discretion in relying on an outdated Country Report to reject Shi’s claims. We have noted that “in the troubled areas of the planet from which asylum claims tend to come, the pace of change is rapid — oppressive regimes rise and fall, and conditions improve and worsen for vulnerable ... minorities.” Leia v. Ashcroft, 393 F.3d 427, 437 (3d Cir.2005) (internal quotation omitted). Accordingly, we have “suggested that outdated country reports by themselves are insufficient to rebut an individual’s fear of persecution.” Id.
We further explained the value of current Country Reports in Sheriff v. Attorney Gen. of U.S., 587 F.3d 584 (3d Cir.2009).
In [Berishaj v. Ashcroft, 378 F.3d 314 (3d Cir.2004) abrogated on other grounds by Nbaye v. Attorney General, 665 F.3d 57 (3d Cir.2011) ] we expressed our strong displeasure with the state of affairs presented by our appellate review of BIA decisions. Too frequently, we complained, the BIA was relying upon outdated and antiquated Country Reports not reflective of the state of affairs even at the time of the BIA’s decision. See id. at 328-31 (discussing the problems presented by stale administrative records in asylum cases, and noting that “[i]t has become common that ... country reports in the administrative record are three or four years old by the time the petition for review comes before us”). Accordingly, we urged the BIA to make greater use of procedures allowing for the reopening of proceedings based on new facts, and also urged the BIA “to adopt — by opinion, regulation, or otherwise — policies that will avoid the Court of Appeals having to review administrative records so out-of-date as to verge on meaningless.” Id.
Sheriff, 587 F.3d 584, 591.
Indeed, in Zhu v. Attorney General, 744 F.3d 268, 2014 WL 815133 (3d Cir. Mar. 4, 2014), we recently addressed a similar situation and granted a Chinese immigrant’s motion to reopen where the BIA had failed to consider whether recent Country Reports established changed country conditions. While the petitioner in Zhu appears to have proffered a wider array of evidence than Shi, our decision and analysis there, requiring the BIA to consider more fully the present Chinese policies in order to grant the petitioner the requisite “meaningful review,” indicates that we view China as a “troubled area[]” where “the pace of change is rapid” and where the mutability of national policies must be considered with due care. Leia, 393 F.3d at 437.
Here, however, the BIA relied on a 2011 Country Report in order to make a determination regarding the “facts on the ground” in China in 2013. While I am mindful of the deferential standard of review afforded to the IJ and the BIA, see Sevoian v. Ashcroft, 290 F.3d 166, 174 (3d Cir.2002) (stating that the BIA’s decision may only be reversed if it is “arbitrary, irrational, or contrary to law”), I would hold that the use of an outdated Country Report to make a judgment about present conditions in Shi’s case is both irrational and contrary to the principles that we articulated in Leia. To deny that country conditions have changed based on an outdated Country Report would be to deny *148 that country conditions can change, a holding that would run counter to both logic and the plain language of 8 U.S.C. § 1229a(c)(7)(C)(ii) (“There is no time limit on the filing of a motion to reopen if the basis of the motion is to apply for relief ... is based on changed country conditions ...”). See note 1, supra.
This result is further supported by our decision in Nbaye to remand for consideration of more recent development in country conditions:
It seems to us that it would be myopic to ignore the circumstance that the RPG has come to power in Guinea inasmuch as Nbaye attributes his persecution to membership in that party. We have concluded that although we cannot decide the case on the basis that there has been a change in power in Guinea, our precedents and 8 U.S.C. § 1252(b)(4)(A) on the one hand and the seemingly appropriate way to proceed in this matter on the other can be accommodated by remanding the case to the BIA so that it can consider the change in power in Guinea.
665 F.3d at 60. That is, even though Shi may not have provided the most recent Country Reports to the BIA, in light of our holding and analysis regarding Chinese Country Reports in Zhu, it would be “myopic” to ignore the well-documented facts on the ground and affirm a BIA decision reached without considering them.
Accordingly, I would remand this case for reopening on the issues presented in light of the most recent Country Report, and in light of Zhu, which reinforces our precedents. I respectfully dissent.

. See 8 U.S.C. § 1229a(c)(7)(C)(ii) (“There is no time limit on the filing of a motion to reopen if the basis of the motion is to apply for relief under sectionsl 1158 or 1231(b)(3) of this title and is based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding.”).