PRECEDENTIAL
UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 10-1875/2400
_____


JUNIOR NATHANIEL RICKETTS
a/k/a Junior Mohammed Ricketts
a/k/a Paul Milton Miles,
                           Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF
AMERICA,
                           Respondent

On Petition for Review of an Order of the
United States Department of Justice
Board of Immigration Appeals
(BIA 1:A027-024-434)
Immigration Judge: Hon. Walter A. Durling
_____


Argued
February 6, 2020

Before:  JORDAN, GREENAWAY, JR., and FISHER,
*Circuit Judges*

(Filed: April 8, 2020)

_____

Noah M. Weiss    [ARGUED]
Williams & Connolly
725 12th Street, NW
Washington, DC   20005
        *Counsel for Petitioner*

John M. McAdams, Jr.
Benjamin M. Moss   [ARGUED]
Erik R. Quick
United States Department of Justice
Office of Immigration Litigation
P.O. Box 878
Ben Franklin Station
Washington, DC   20044

_____

OPINION OF THE COURT

_____

JORDAN, *Circuit Judge*.

Junior Ricketts petitions for review of two decisions by the Board of Immigration Appeals ("BIA"), denials of a motion to reopen and a motion to reconsider.  He has told various adjudicatory bodies for nearly 30 years that he is an American citizen.  Last year, the United States Court of Appeals for the Second Circuit affirmed a district court finding that he is not.  Since his citizenship claim is the only basis on which he says he is entitled to relief from the order of removal,

and since he cannot now rely on that claim, we will deny the petition for review.

## I.    Background

Ricketts, whom the government has always maintained is a citizen of Jamaica, has been convicted of several felonies; hence his immigration difficulties.  On December 17, 1992, he was charged, among other crimes, with embezzlement and transporting a minor in interstate or foreign commerce with the intent to engage in sexual activity.  He pled guilty to all charges and, as an additional consequence of his criminal convictions, was deemed subject to removal.

In proceedings before an Immigration Judge ("IJ"), however, Ricketts argued that he was actually a U.S. citizen. The IJ rejected that claim, and the BIA dismissed his appeal. He petitioned our court for review and, at the same time, sought a stay of removal.  While the petition and the motion for a stay were pending, Ricketts was removed to Jamaica, and his petition and motion were "procedurally terminated without judicial action."  Clerk Order, *Ricketts v. Attorney General*, No. 00-3270 (3d Cir. Jul. 31, 2000).

Continuing to insist that he is an American, Ricketts persuaded the Jamaican Constabulary Force to investigate his citizenship status.  Officials there agreed with him and, accordingly, he was sent back to the United States in February 2003, approximately three years after he was removed.

In 2005, while Ricketts was in state custody for a criminal theft conviction, the Department of Homeland Security learned of his return and reinstated his order of

removal. Four years later, he received a copy of the Jamaican report stating that he is an American citizen and not a Jamaican citizen. With that evidence in hand, he filed with the BIA motions to reopen his removal proceedings and to reconsider the existing order of removal – the motions at issue now.[1] The BIA dismissed both motions, asserting that, because of a regulatory provision known as the post-departure bar, 8 C.F.R.

---

[1] In 2006, Ricketts had filed a petition for review of the reinstated order of removal with this Court. We dismissed the case because "our duty to dismiss untimely claims is mandatory where the Attorney General objects on the basis of untimeliness." Order, *Ricketts v. Attorney General*, No. 06-4612 (3d Cir. Apr. 16, 2007). That year Ricketts also filed two motions to reopen with the BIA, asking the BIA to exercise its *sua sponte* authority to reconsider his initial order of removal. The BIA denied both of those motions as untimely. Ricketts asked the BIA to reissue its denial of those motions, which it declined to do. Those earlier motions are not before us.

§ 1003.2(d), it lacked jurisdiction.[2]  Ricketts again petitioned for review.[3]

At the parties' request, we stayed this case several times.[4]  Then, at their joint request, we transferred the case to

---

[2] The "post-departure bar" is found in 8 C.F.R. 1003.2(d), and states as follows:

> A motion to reopen or a motion to reconsider shall not be made by or on behalf of a person who is the subject of exclusion, deportation, or removal proceedings subsequent to his or her departure from the United States. Any departure from the United States, including the deportation or removal of a person who is the subject of exclusion, deportation, or removal proceedings, occurring after the filing of a motion to reopen or a motion to reconsider, shall constitute a withdrawal of such motion.

[3] To be precise, Ricketts filed two petitions for review, one for his motion to reopen and one for his motion to reconsider.  We consolidated the two cases and, for ease of reference, speak of the petitions in the singular.

[4] From June 2011 to May 2014, this case was stayed pending Ricketts's criminal proceedings in the United States District Court for the Western District of New York under 18 U.S.C. § 911 for "falsely and willfully represent[ing] himself to be a citizen of the United States[,]" among other crimes. (Joint Motion to Hold Proceedings in Abeyance dated Jun. 10, 2011, *Ricketts v. Attorney Gen.*, No. 10-1875.)  That case was

the United States District Court for the Eastern District of New York ("EDNY"), the district where Ricketts resides, to resolve disputed facts concerning his claim of American citizenship, pursuant to 8 U.S.C. § 1252(b)(5)(B). (Joint Motion dated 1/13/2015, *Ricketts v. Attorney Gen.*, No. 10-1875.) We held the petition for review in abeyance pending the resolution of the citizenship question, including any appeal of that decision.

The whole basis of Ricketts's citizenship claim is his assertion that he was born in Brooklyn on August 31, 1964 as Paul Milton Miles. He says he changed his name for religious reasons. To substantiate his claim that he is Paul Milton Miles, he submitted various official records, including a birth certificate in that name, with the name crossed out and "Junior Mohammed Ricketts" written above it. The EDNY found that Ricketts's evidence was not credible and that the government's evidence proving Ricketts is not a U.S. citizen was persuasive.[5]

---

resolved when he pled guilty to witness tampering. The other charges were dismissed.

[5] That is putting it mildly. Among other things, the Court concluded that "only one person named Paul Milton Miles was born in Brooklyn New York" from 1955 to 1970, and that person is the son of Lizzie Mae Page Miles and Robert Miles, Jr. *Ricketts v. Lynch*, No. 15-cv-00329, 2016 WL 3676419, at*2 (E.D.N.Y. Jul. 7, 2016). At deposition, Lizzie Mae Page Miles identified her son, Paul Milton Miles, who "was physically present in the room" and who is not Junior Ricketts. *Id.* at *3. For a more complete recitation of the evidence Ricketts and the government presented regarding Ricketts's citizenship claims, see *id.* at *2-*5.

*Ricketts v. Lynch*, No. 15-cv-00329, 2016 WL 3676419 (E.D.N.Y. Jul. 7, 2016). The Second Circuit affirmed that decision, and subsequently denied Ricketts's motion to reconsider the affirmance. *Ricketts v. Barr*, No. 18-2244, 2019 WL 938996 (2d Cir. Feb. 26, 2019); *Ricketts v. Barr*, No. 18-2244, 2019 WL 1858373 (2d Cir. Apr. 25, 2019).

Next, we lifted the stay in this case and ordered supplemental briefing to "address[ ] the validity of the departure bar regulation and the impact, if any, of the Second Circuit's decision" on these proceedings. (Order dated 8/28/19, *Ricketts v. Attorney Gen.*, 10-1875.) In supplemental briefing, Ricketts argued that we must remand to the BIA because it improperly contracted its jurisdiction when, in applying the post-departure bar, it dismissed his appeal for lack of jurisdiction. The government argued in response that remand would be futile, since the BIA cannot grant Ricketts relief from removal on the ground that he is a citizen, as that claim has been foreclosed by the rulings of the EDNY and Second Circuit. We agree with the government that remand would be futile, so we will focus solely on that and not address whether the BIA erred in stating that the post-departure bar deprived it of jurisdiction.

## II.  Discussion

Even if the BIA erred when it characterized the post-departure bar as a restriction of its jurisdiction,[6] we may forgo

---

[6] At oral argument, the government emphasized that the BIA decisions at issue here are some ten years old, and it intimated that the BIA has ended the practice of dismissing for lack of jurisdiction under the post-departure bar, perhaps under

7

remanding this case if a remand would be futile. Under *S.E.C. v. Chenery Corp.*, 318 U.S. 80 (1943), a court will generally dispose of an administrative law case only on the grounds cited by the pertinent agency, but remand for further agency action is unnecessary when "only one disposition is possible as a matter of law." *George Hyman Const. Co. v. Brooks*, 963 F.2d 1532, 1539 (D.C. Cir. 1992). As the Supreme Court has noted, *Chenery* "does not require that we convert judicial review of agency action into a ping-pong game." *NLRB v. Wyman-Gordon Co.*, 394 U.S. 759, 766 n.6 (1969). When only one outcome is possible, "[i]t would be meaningless to remand." *Id.* Such circumstances are sometimes described as constituting the "remand futility" exception to the general rule laid down in *Chenery*.

Ricketts tries to resist application of the remand futility exception by arguing first, that we have not previously held that the exception applies in immigration proceedings, and second, that remand futility is rare and the exception should not be applied when jurisdiction is in question.

---

the weight of circuit court decisions saying it could not properly do so. *See Santana v. Holder*, 731 F.3d 50 (1st Cir. 2013) (holding that the "post-departure bar cannot be used to abrogate a noncitizen's statutory right to file a motion to reopen," *id.* at 61, and collecting cases from six courts of appeals holding the same and three courts of appeals striking "down the regulation as an impermissible contraction of the agency's jurisdiction[.]" *Id.* at 54-55.). Since it is a most serious question whether the BIA may restrict its jurisdiction, as it did here, we hope that is the case.

8

It is true that we have not expressly held that the remand futility exception applies in the immigration context, but we have suggested as much. For example, in *Nbaye v. Attorney General*, 665 F.3d 57 (3d Cir. 2011), the government argued that remand would be futile because the alien could not avoid removal. We rejected that argument because there was in that case at least one scenario in which "remand surely would not have been futile[,]" but we did not dispute that the remand futility exception could have application in the right circumstances. *Id.* at 59-60. The government also cites immigration cases from outside our Circuit in which courts have explicitly recognized the remand futility exception. *See Gonzales-Veliz v. Barr*, 938 F.3d 219, 235 (5th Cir. 2019) (holding in the alternative that remand would be futile because the alien could not prevail under the legal standard); *Shou Wei Jin v. Holder*, 572 F.3d 392, 396 (7th Cir. 2009) ("Although the IJ's legal error gives us pause-and a different record may well have justified a remand-a remand would be futile in this case because [the noncitizen] presented no evidence [to support his claims].").

This case gives us an opportunity to say what others have said and we have only suggested before: namely, that when remand would be futile – meaning the BIA on remand would be unable as a matter of law to grant the relief sought – we may deny a petition for review, without regard to the various issues that might otherwise be in play in the case. That indeed is our holding today.

The only argument Ricketts raised in his motions to reopen and to reconsider is that he was a United States citizen and therefore not removable. The Second Circuit, based on the thoughtful work done by the EDNY, has conclusively

9

determined that Ricketts is not a United States citizen. The BIA is bound by that decision as a matter of law. *See Baez-Sanchez v. Barr*, 947 F.3d 1033, 1036 (7th Cir. 2020) ("Once [a United States Court of Appeals] reach[es] a conclusion, both the Constitution and the statute require[ ] the [BIA] to implement it."). Even if it were not, both issue preclusion and claim preclusion would apply here, with the same result. *See Duvall v. Attorney Gen.*, 436 F.3d 382, 391 (3d Cir. 2006) ("Collateral estoppel [, or issue preclusion,] generally applies when the same issue was previously litigated by the same parties and was actually decided by a tribunal of competent jurisdiction."); *Duhaney v. Attorney Gen.*, 621 F.3d 340, 347 (3d Cir. 2010) ("Res judicata, also known as claim preclusion, bars a party from initiating a second suit against the same adversary based on the same 'cause of action' as the first suit."). Since the BIA cannot grant Ricketts relief from removal on the basis that he is a citizen, remand would be futile.

## III. Conclusion

For the foregoing reasons, we will deny Ricketts's petition for review.