MATTER OF MENENDEZ

In Adjustment of Status Proceedings

A-11897797

*Decided by District Director June 29, 1967*

Since applicant's change of status on January 4, 1962 from immigrant to non-immigrant pursuant to section 247 of the Immigration and Nationality Act may be equated with inspection and admission into the United States as a nonimmigrant within the meaning of section 1, Act of November 2, 1966 (P.L. 89-732), he is eligible for the benefits of section 2 of that Act, having been admitted subsequently for permanent residence on September 8, 1966.

The application was submitted to record the date of admission as a permanent resident of the applicant as of the date of his original admission to the United Sates as a nonimmigrant or as of May 2, 1964, whichever is later.

The applicant is a native and citizen of Cuba, born on March 7, 1922, at Cienfuegos, Las Villas, Cuba. He was originally admitted to the United States as an immigrant on September 17, 1959. On January 4, 1962, under the provisions of section 247 of the I & N Act, his immigration status was adjusted to that of a nonimmigrant, and he was granted classification under section 101(a) (15) (G) (iv) of the Act, for duration of status. This action was taken pursuant to request of his employer, the Inter-American Development Bank, Washington, D.C., an international organization under the International Organization Immunities Act (59 Stat. 669). The applicant has engaged in the same employment continuously since 1961.

Since January 4, 1962, the applicant has made numerous short trips out of the United States primarily on business for his employer. He has, however, over the entire period subsequent to January 4, 1962, been physically present in this country in excess of two years. He was lawfully admitted to the United States for permanent residence on September 8, 1966, at Thousand Islands Bridge, New York, upon presentation of an immigrant visa.

P.L. 89-732 effective November 2, 1966, provides as follows:

Section 1: ". . . the status of any alien who is a native and citizen of Cuba and who has been inspected and admitted or paroled into the United

States subsequent to January 1, 1959 and has been physically present in the United States for at least two years, may be adjusted by the Attorney General, . . . to that of an alien lawfully admitted for permanent residence if . . . . the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence . . .".

Section 2: "In the case of any alien described in section 1 of this Act who, prior to the effective date thereof, has been lawfully admitted into the United States for permanent residence, the Attorney General shall, upon application, record his admission for permanent residence as of the date the alien originally arrived in the United States as a nonimmigrant or as a parolee, or a date thirty months prior to the date of enactment of this Act, whichever date is later."

The question presented is whether the applicant is an alien described in section 1 of P.L. 89-732 despite his having been admitted as an immigrant on September 17, 1959. It is concluded that this question must be answered in the affirmative. The applicant's conversion to nonimmigrant status on January 4, 1962 must be equated to an inspection and admission into the United States as a nonimmigrant under section 101(a)(15)(G)(iv) as an employee of an international organization, to wit, the Inter-American Development Bank. Such admission would constitute his original arrival in the United States as a nonimmigrant. He has been physically present in the United States for at least two years after that date. Consequently, it is concluded that the applicant may have his admission for permanent residence recorded as of the date his status was changed to that of a nonimmigrant, or as of a date thirty months prior to the date of enactment of P.L. 89-732, whichever is later. Since the later date in this case is the one thirty months prior to enactment of P.L. 89-732, the applicant's admission for permanent residence should be recorded as of May 2, 1964 and it is so ordered.