## MATTER OF HRANKA

### In Section 212(d)(3) Proceedings

### A-20925982

### *Decided by Board April 6, 1978*

(1) In an application for advance permission to enter as a nonimmigrant pursuant to section 212(d)(3) of the Act, there is no requirement that the applicant's reasons for wishing to enter the United States be "compelling."

(2) An application under section 212(d)(3)(B) requires a weighing of at least three factors: (1) the risk of harm to society if the applicant is admitted; (2) the seriousness of the applicant's immigration law, or criminal law violation, if any; and (3) the nature of the applicant's reasons for wishing to enter the United States.

(3) Upon application of the balancing test to the facts of this case, the applicant's previous deportation for having engaged in prostitution in April 1975, was held to have been outweighed by the fact that she has no other criminal or immigration law violations, she has demonstrated that she is rehabilitated, and she has a substantial reason for desiring a waiver under section 212(d)(3) in that she has many close relatives living across the border in the United States; thus, the requested waiver should be granted.

ON BEHALF OF APPLICANT: Pro se

BY: Milhollan, Chairman; Maniatis, Appleman, Maguire, and Farb, Board Members

This is an appeal from a decision of the District Director of the Immigration and Naturalization Service in Detroit, Michigan, dated August 9, 1977, denying the applicant's request for advance permission to enter the United States as a nonimmigrant visitor pursuant to section 212(d)(3)(B) of the Immigration and Nationality Act, 8 U.S.C. 1182(d)(3)(B). The appeal will be sustained.

The applicant is a 25-year-old native and citizen of Canada who is inadmissible to the United States because she was previously deported for having engaged in prostitution. See section 212(a)(12) of the Act, 8 U.S.C. 1182(a)(12).

Regardless of the fact that she is otherwise inadmissible, a nonimmigrant may be admitted into the United States temporarily in the discretion of the Attorney General. Congress provided for this procedure because it recognized that there are cases where the temporary admission of otherwise inadmissible aliens is desirable for humane reasons or for reasons of public interest.[1]

The District Director denied the application for a waiver of inadmissi-

---

[1] S. Rep. No. 1137, 82nd Cong., 2nd Sess., 12; H. Rep. No. 1365, 82nd Cong., 2nd Sess., 51 (1952).

bility for two reasons. He concluded that insufficient time had elapsed since the applicant's deportation to permit a determination that she had been rehabilitated. He also found that there were no "compelling humanitarian . . . circumstances involved" in the applicant's desire to enter the United States.

The evidence in the record convinces us that the applicant has been rehabilitated. She was deported in April 1975. Her United States citizen mother informs us that the applicant has been holding down two jobs since September 1976, working between 60 and 70 hours a week. The applicant's mother also stated that her daughter had always been well-behaved until the time she began living with a certain man in Detroit. This man had a very negative influence upon her. She began using heroin and engaged in occasional acts of prostitution. She has had no contact at all with this man since June 1976, and has resumed living with her parents in Windsor, Ontario.

The statements of the applicant's mother impress us as being sincere and truthful. They are supported by a letter from the principal of the high school which the applicant attended. This man is a psychologist and a close friend of the applicant's family.

The applicant's reasons for desiring to enter the United States occasionally are stated by her mother as follows:

> Being a border town it is a little more difficult to go about the every day life if she is unable to cross into Detroit. She is trying to put the past behind her as she is very embarrassed and ashamed and every time she is invited out on a date and the date suggests going to Detroit to a show or dinner or ball game it is all brought back to her and is very embarrassing.
>
> As well as three uncles living in Detroit she has numerous cousins who are all marriageable age. She has already missed one of her cousins' weddings.

It is true that these reasons for wanting to enter the United States cannot be fairly characterized as "compelling." However, there is no requirement that the applicant's reasons for wishing to enter the United States be "compelling."

In deciding whether or not to grant an application under section 212(d)(3)(B), there are essentially three factors which we weigh together. The first is the risk of harm to society if the applicant is admitted. The second is the seriousness of the applicant's prior immigration law, or criminal law, violations, if any. The third factor is the nature of the applicant's reasons for wishing to enter the United States. In this case, the risk of harm to American society if the applicant is allowed to enter is very small. The applicant has no other criminal or immigration law violations. The fact that she has many close relatives living in Detroit is substantial reason for desiring a waiver. Balancing the three factors, we conclude that the requested waiver should be granted.

**ORDER:** The appeal is sustained.

**FURTHER ORDER:** The applicant for advance permission to enter as a nonimmigrant will be granted under such conditions as the District Director deems appropriate.