In the

# United States Court of Appeals

## For the Seventh Circuit

---

No. 16-3784

JORGE BAEZ-SANCHEZ,

*Petitioner,*

*v.*

JEFFERSON B. SESSIONS III, Attorney General of the United States,

*Respondent.*

---

Petition for Review of a Decision of the
Board of Immigration Appeals.
No. A206 017 181.

---

ARGUED SEPTEMBER 6, 2017 — DECIDED OCTOBER 6, 2017

---

Before BAUER, EASTERBROOK, and HAMILTON, *Circuit Judges.*

EASTERBROOK, *Circuit Judge.* This proceeding begins where *L.D.G. v. Holder*, 744 F.3d 1022 (7th Cir. 2014), ends. We held in *LDG* that the Attorney General has authority under 8 U.S.C. §1182(d)(3)(A)(ii) to waive an alien's inadmissibility—and thus to halt removal temporarily—while the al-

ien requests a U visa from the Department of Homeland Security. After Jorge Baez-Sanchez requested that relief from an immigration judge, however, the Board of Immigration Appeals held that IJs lack authority to grant such requests.

*LDG* addressed the question whether the Attorney General has the authority to waive the inadmissibility of an alien seeking a U visa. We assumed that, in removal proceedings, IJs may exercise all of the Attorney General's discretionary powers over immigration. The panel did not justify that assumption, because the parties had not doubted its correctness. But after *LDG* the Board concluded that the assumption is mistaken. *In re Khan*, 26 I&N Dec. 797 (2016), holds that IJs have only such powers as have been delegated and that the power to waive an alien's inadmissibility during proceedings seeking U visas is not among them. The Third Circuit has agreed with that conclusion. *Sunday v. Attorney General*, 832 F.3d 211 (3d Cir. 2016). We must decide in this case whether to follow *Sunday* and *Khan*.

Delegation from the Attorney General to immigration judges is a matter of regulation, and arguably pertinent regulations are scattered through Title 8 of the Code of Federal Regulations. The BIA in *Khan* observed, correctly, that the panel in *LDG* had not mentioned 8 C.F.R. §§ 235.2(d), 1235.2(d), which omit any delegation to IJs of the power to waive an alien's admissibility. And that's true, for those regulations concern the powers of District Directors rather than the powers of IJs. The principal regulation that does cover IJs' authority is 8 C.F.R. §1003.10, which provides in part:

> (a) Appointment. The immigration judges are attorneys whom the Attorney General appoints as administrative judges within the Office of the Chief Immigration Judge to conduct specified classes of proceedings, including hearings under section 240 of

the [Immigration and Nationality] Act. Immigration judges shall act as the Attorney General's delegates in the cases that come before them.

(b) Powers and duties. In conducting hearings under section 240 of the Act and such other proceedings the Attorney General may assign to them, immigration judges shall exercise the powers and duties delegated to them by the Act and by the Attorney General through regulation. In deciding the individual cases before them, and subject to the applicable governing standards, immigration judges shall exercise their independent judgment and discretion and may take any action consistent with their authorities under the Act and regulations that is appropriate and necessary for the disposition of such cases. Immigration judges shall administer oaths, receive evidence, and interrogate, examine, and cross-examine aliens and any witnesses. Subject to §§ 1003.35 and 1287.4 of this chapter, they may issue administrative subpoenas for the attendance of witnesses and the presentation of evidence. In all cases, immigration judges shall seek to resolve the questions before them in a timely and impartial manner consistent with the Act and regulations.

The Attorney General's brief in this court observes that §1003.10(b) does not delegate to IJs any power to waive an alien's inadmissibility. Sure enough, it doesn't. But §1003.10(a) does. It says that "[i]mmigration judges shall act as the Attorney General's delegates in the cases that come before them." This sounds like a declaration that IJs may exercise *all* of the Attorney General's powers "in the cases that come before them", unless some other regulation limits that general delegation. The BIA in *Khan* did not identify any provision that subtracts from the delegation in §1003.10(a). Nor did the Third Circuit in *Sunday*. Indeed, neither the BIA nor the Third Circuit cited §1003.10(a). We therefore adhere to the view of *LDG* that IJs may exercise the Attorney General's powers over immigration.

Perhaps anticipating that we would reach this conclusion, the Attorney General's brief makes a much broader argument in defense of the BIA's decision. The brief contends that the Attorney General himself has no authority to grant waivers of inadmissibility to aliens seeking U visas—and that, if the Attorney General does possess this authority, it may be used only with respect to aliens who seek that relief before entering the United States. (Baez-Sanchez was inside our borders when he sought the waiver.)

The first of these arguments rests on 6 U.S.C. §§ 271(b) and 557, which the Attorney General reads as transferring to the Secretary of Homeland Security all of the Attorney General's discretionary powers under the immigration laws. There are two problems with this contention.

First, §271(b) transfers only a particular set of powers, and waivers of inadmissibility are not on its list. Section 557 does not independently transfer any powers; instead it depends for its effect on other statutes, regulations, and reorganization plans. Although the Department of Homeland Security is principally responsible for administering the immigration laws, whether the statutory power to waive an alien's inadmissibility belongs exclusively to the Secretary of Homeland Security depends on statutes, regulations, and reorganization plans that the briefs do not address.

Second, the Board of Immigration Appeals did not rely on §§ 271(b) or 557 in either *Khan* or its decision with respect to Baez-Sanchez. Instead the BIA assumed that the power to waive an alien's inadmissibility belongs to the Attorney General. It is a fundamental principle of administrative law that the validity of an agency's decision depends on the agency's reasoning. See *SEC v. Chenery Corp.*, 318 U.S. 80, 87–88 (1943).

Because the BIA has not made anything of §271(b), §557, or any law, regulation, or reorganization plan that those two statutes might implement, we cannot do so either. The subject is open on remand, but it is not a ground on which the current decision may be enforced.

The remaining contention—that the power to grant a waiver of inadmissibility may be exercised only in favor of an alien who has yet to enter the United States—was at least hinted at by the Board. But the BIA did not rest its decision on this ground. Immigration law has historically applied at least some rules about "admissibility" to aliens already in the United States, see *In re Menendez*, 12 I&N Dec. 291, 292 (1967); *In re Sanchez Sosa*, 25 I&N Dec. 807 (2012), and the Secretary of Homeland Security seems to believe that he has the authority to grant waivers of inadmissibility under §1182(d)(3)(A)(ii) to aliens in the United States. See 8 C.F.R. §212.17. If the Secretary can do this, why not the Attorney General? Perhaps neither official can do so, but *Chenery* prevents us from pursuing that question.

It should be clear from what we have said that the parties' arguments about the effects of *Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984), and *Auer v. Robbins*, 519 U.S. 452 (1997), are premature. First the Board must address and resolve the essential issues; only then can we consider whether the disposition lies within the scope of the agency's discretion.

The Board is free to address all of these matters on remand, as it is also free to decide whether to exercise in favor of, or against, Baez-Sanchez whatever discretion the Attorney General possesses.

The petition for review is granted, the Board's decision is vacated, and the matter is remanded for proceedings consistent with this opinion.