[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-14569

_____

Agency No. A072-385-439

FINEST MERIDOR,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(June 7, 2018)

Before WILSON, JORDAN and HIGGINBOTHAM,[*] Circuit Judges.

WILSON, Circuit Judge:

_____

[*] Honorable Patrick E. Higginbotham, United States Circuit Judge for the Fifth Circuit, sitting by designation.

Finest Meridor, a native and citizen of Haiti, seeks review of the Board of Immigration Appeals' (BIA) final order of removal. That order vacated the order of an immigration judge (IJ), which had granted Meridor a waiver of inadmissibility in his pursuit of a U visa. The BIA found that IJs did not have authority to grant such a waiver, and, even if they did, on the merits Meridor was not entitled to one. On appeal, Meridor argues that the plain language of 8 U.S.C. § 1182(d)(3)(A) gives IJs authority to grant waivers of inadmissibility. Meridor further argues that the BIA engaged in legal error in reaching its alternative holding that he did not merit a waiver.

Because the plain language of § 1182(d)(3)(A) does grant authority to IJs to issue waivers of inadmissibility, and because the BIA committed legal error in reaching its alternative holding on the merits, we grant the petition to review the final removal order, vacate it, and remand for further proceedings. On remand, the BIA must reconsider its final order of removal, the IJ's grant of a waiver of inadmissibility to Meridor pursuant to this plain language and the prohibition on de novo fact finding in its review of the IJ's opinion.

## I.

Finest Meridor arrived in the United States about 25 years ago as a political refugee from Haiti. Meridor and his sister fled Haiti for Guantanamo Bay, Cuba,

2

and then boarded a military plane to Miami.  Meridor applied for political asylum, but he withdrew his application after it lingered for many years.

In January 2013, the Department of Homeland Security (DHS) notified Meridor that he was subject to removal because he was a foreign national without a valid visa or passport, and because he had convictions for a crime of moral turpitude and controlled-substance offenses.  DHS took him into custody pending his deportation hearing.  Meridor applied for asylum and for withholding of removal while his case was pending.

After a hearing, an IJ agreed that Meridor was removable due to his prior convictions.  The IJ also denied Meridor's request for asylum and for withholding of removal.  Meridor moved for reconsideration, but before the IJ ruled on his motion, Meridor retained new counsel who believed that Meridor might be able to qualify for a U visa[1] and therefore be able to stay in the United States.

Meridor applied for a U visa and for a waiver of inadmissibility[2] with DHS's component agency, U.S. Citizenship and Immigration Services (USCIS).  The IJ formally reopened Meridor's file in light of his U visa application, which nullified

---

[1] A U visa is a nonimmigrant visa that is available to noncitizen victims of certain crimes to encourage noncitizens to come forward and help law enforcement investigate and prosecute criminal activity.  To obtain a U visa, foreign nationals must establish that they have "suffered substantial physical or mental abuse," that they possess "information concerning criminal activity," and that they have been "helpful" to law enforcement in "investigating or prosecuting criminal activity."  8 U.S.C. § 1101(a)(15)(U).

[2] A waiver of inadmissibility provides an individual subject to removal with the opportunity to be admitted into the United States even though he would be disqualified for admission because of one or more factors set forth in 8 U.S.C. § 1182(a).

his removal order to Haiti.  Meridor moved to terminate his removal proceedings, and the IJ granted his motion.

While Meridor's applications for the U visa and waiver were pending with USCIS, the IJ agreed to consider the merits of the waiver application.  The IJ, acting as the Attorney General's delegate, stated that she had jurisdiction over the waiver application.  She explained that Meridor's case was "extraordinary," and she therefore had discretion to grant him a waiver of inadmissibility.[3]  At a hearing, the IJ told Meridor that she would grant him a waiver of inadmissibility, and that she would do so in a written decision.

Before the IJ could issue a written opinion on the waiver, USCIS denied Meridor's applications for a U visa and waiver of inadmissibility.  USCIS noted in its denial letter that Meridor was not admissible into the United States, even though if he were, he appeared to meet all of the other U visa eligibility criteria.  USCIS further noted that it would not exercise its discretion to approve his waiver as a matter of national or public interest, and that he could not appeal the waiver decision.

Three weeks later, in February 2015, the IJ issued a written decision granting the waiver, finding that Meridor's criminal history and his risk of harm if

---

[3] Because Meridor had convictions for dangerous crimes, he could not receive a waiver unless his case presented "extraordinary circumstances."  8 C.F.R. § 212.17(b)(2); *In re Jean*, 23 I. & N. Dec. 373, 373 (U.S. Att'y Gen. 2002).

admitted were outweighed by his reasons for wanting to remain in the United States. She explained that Meridor wants to stay in the United States to support his family, and that his removal would result in extraordinary hardship to them. She also cited *L.D.G. v. Holder*, 744 F.3d 1022 (7th Cir. 2014), in concluding that she had authority to grant the waiver pursuant to § 1182(d)(3)(A). The IJ also noted that USCIS had authority to grant the waiver as well, pursuant to § 1182(d)(14). Because she had no authority to grant the U visa,[4] however, the IJ entered an order removing Meridor to Haiti.[5]

The BIA, without distinguishing *L.D.G.*, reversed the IJ's decision to grant the waiver, holding that DHS—and only DHS—can grant waivers of inadmissibility for U visa applications. It alternatively held that even if the IJ had jurisdiction to grant the waiver, Meridor did not merit such a waiver. The BIA explained that it disagreed with the IJ's finding that Meridor's risk of harm was "greatly diminished," and stated that Meridor's reasons for wanting to remain in the United States did not outweigh his criminal history. The BIA, in turn, affirmed the IJ's order of removal.

---

[4] USCIS has sole authority over whether to grant U visas. 8 C.F.R. § 214.14(c)(1).

[5] After this, Meridor appealed the USCIS's earlier denial of his U visa to its Administrative Appeals Office (AAO). His appeal was dismissed in July 2016. First, it declined to recognize the IJ's waiver. It explained that *L.D.G.* did not control in Meridor's case because he resides in the Eleventh Circuit, not the Seventh Circuit. The AAO also stated that even if he resided in the Seventh Circuit, it still would not abide by the IJ's decision because the IJ waived Meridor's inadmissibility for certain reasons but not on all grounds that the USCIS denied him the waiver. Second, the AAO declined to grant Meridor its own waiver.

Meridor, proceeding pro se, petitioned us to review the BIA's decision, and submitted an emergency motion to stay his removal pending resolution of his case. We denied his emergency motion. Meridor was removed to Haiti in February 2016, and in March 2016 we appointed him counsel.

Meanwhile, USCIS refused to reconsider its denial of Meridor's first request for a waiver, and it refused to accord the IJ's decision any weight because the BIA vacated her decision. USCIS also denied Meridor's second request for a waiver, filed in March 2015. Because it denied his waiver, it in turn denied his second U visa application on the ground that Meridor was inadmissible.

## II.

We review de novo issues concerning statutory interpretation of the immigration code, *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001), but if the statute is ambiguous or silent on the issue before us, we will defer to the BIA's interpretation if it is reasonable. *Assa'ad v. U.S. Att'y Gen.*, 332 F.3d 1321, 1326 (11th Cir. 2003). We only review the BIA's decision, except to the extent it expressly adopts the IJ's opinion. *Al Najjar*, 257 F.3d at 1284. The BIA errs if it reviews an IJ's factual and credibility determination for anything but clear error. 8 C.F.R. § 1003.1(d)(3)(i).

Under 8 U.S.C. § 1182(d)(3)(A), enacted in 1952, an otherwise inadmissible foreign national "who is in possession of appropriate documents or is granted a

6

waiver thereof and is seeking admission, may be admitted into the United States temporarily as a nonimmigrant in the discretion of the Attorney General." The "Attorney General" includes his delegates, including, as is relevant here, IJs under certain circumstances. *See* 8 C.F.R. § 1003.10(a) (explaining that IJs are "attorneys whom the Attorney General appoints as administrative judges" that "shall act as the Attorney General's delegates in the cases that come before them").

Separately, 8 U.S.C. § 1182(d)(14), enacted in 2000, provides that "[t]he Secretary of Homeland Security, in the [Secretary's[6]] discretion, may waive [inadmissibility]" for nonimmigrants seeking U visas. A U visa applicant cannot appeal from a decision to deny a waiver requested under § 1182(d)(14). 8 C.F.R. § 212.17(b)(3).

"The judiciary is the final authority on issues of statutory construction," but "if the statute is silent or ambiguous with respect to the specific issue, the question for the court is whether the agency's answer is based on a permissible construction

---

[6] In the Code, this reads "in the Attorney General's discretion." *See* 8 U.S.C. § 1182(d)(14). This is likely a scrivener's error; the Code should read "in the Secretary of Homeland Security's discretion." The original provision read: "The Attorney General, in the Attorney General's discretion . . . ." *See* Victims of Trafficking and Violence Protection Act of 2000, Pub. L. 106-386, § 1513(e), 114 Stat. 1464, 1536 (2000). In 2006, Congress made a technical amendment striking "Attorney General" and replacing it with "Secretary of Homeland Security" in "each place it appears" in subsections (13) and (14). *See* Violence Against Women and Department of Justice Reauthorization Act of 2005, Pub. L. No. 109-162, § 802(b), 119 Stat. 2960, 3054 (2006). The current, official version of the Code concurs that this is likely a scrivener's error. *See* 8 U.S.C. § 1182(d)(14)(2012) (footnote 5).

of the statute." *Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837, 843 & n.9, 104 S. Ct. 2778, 2781–82 & n.9 (1984).

### III.

### A.

As a threshold matter, we must explain why the BIA committed legal error in making its alternative holding that even if the IJ had jurisdiction to grant Meridor's waiver of inadmissibility, Meridor was not entitled to one on the merits. In the absence of legal error, the BIA's alternative holding would decide this case because its merits determination under a correct legal standard is not reviewable. *See Arias v. U.S. Att'y Gen.*, 482 F.3d 1281, 1283 (11th Cir. 2007) (per curiam) (stating that under 8 U.S.C. § 1252(a)(2)(B)(ii) we lack jurisdiction to review discretionary decisions of the Attorney General or DHS Secretary, including denials of waivers of inadmissibility). We would issue an impermissible advisory opinion if we opined on the IJ's waiver of jurisdiction when the BIA provided another ground that would resolve this case. *See Malu v. U.S. Att'y Gen.*, 764 F.3d 1282, 1290–91 (11th Cir. 2014) (explaining that if the same judgment would be rendered after we correct a court's legal determination, our review amounts to nothing more than an advisory opinion).

The BIA's alternative holding cannot stand. The IJ found that Meridor's risk of harm had been "greatly diminished" because he had not been in trouble

since 2008.[7]  The risk of future harm is a factual finding.  *See Zhu v. Att'y Gen.*, 703 F.3d 1303, 1310 (11th Cir. 2013).  The reversal of that determination requires a finding a clear error.  *See id.* at 1315.  But the BIA did not find clear error—it simply disagreed and "was not persuaded."  The BIA mistakenly reviewed this finding de novo rather than reviewing for clear error.  Accordingly, the BIA's alternative holding fails, and we can therefore decide the IJ's jurisdiction over waivers of inadmissibility.

### B.

We hold that the IJ had authority to grant Meridor a waiver under 8 U.S.C. § 1182(d)(3)(A).  In so holding, we agree with the Seventh Circuit that "the plain language of section 1182(d)(3)(A) grants to the Attorney General authority to waive the inadmissibility of [an individual subject to removal] applying for a temporary nonimmigrant visa," and therefore "permits the Attorney General to waive the inadmissibility of U Visa applicants."  *L.D.G.*, 744 F.3d at 1030; *Carcieri v. Salazar*, 555 U.S. 379, 387, 129 S. Ct. 1058, 1063–64 (2009) (noting that courts must apply a statute according to its plain terms).  In turn, an IJ has that authority as the Attorney General's delegate.  *See* 8 C.F.R. § 1003.10(a).

---

[7] When evaluating whether to grant a waiver of inadmissibility, courts must weigh the (1) "risk of harm to society if the applicant is admitted," (2) "seriousness of the applicant's prior immigration law, or criminal law, violations, if any," and (3) "nature of the applicant's reasons for wishing to enter the United States."  *Matter of Hranka*, 16 I. & N. Dec. 491, 492 (BIA 1978).

Keeping in mind that "when two statutes are capable of co-existence, it is the duty of the courts, absent a clearly expressed constitutional intention to the contrary, to regard each as effective," *Morton v. Mancari*, 417 U.S. 535, 551, 94 S. Ct. 2474, 2483 (1974), we further agree with the Seventh Circuit's holding that subsection (d)(14) coexists with subsection (d)(3).  *See L.D.G.*, 744 F.3d at 1030. The mere fact

> that only DHS may grant waivers under section 1182(d)(14) does not tell us whether that provision is the only means by which an applicant can obtain a waiver.  Nothing in section 1182(d) says that it is, nor can we find such language elsewhere in the statute . . . .  Far from repealing section 1182(d)(3)(A), the newer [§ 1182(d)(14)] was a context-specific enhancement.

*Id*. at 1030–31.[8]

The BIA did not address or analyze the plain language of § 1182(d)(3) in making its ruling, which is the mandatory starting point in statutory interpretation.  *See Hughes Aircraft Co. v. Jacobson*, 525 U.S. 432, 438, 119 S. Ct. 755, 760 (1999) (explaining that the analysis begins with the statute's language "[a]nd where the statutory language provides a clear answer, it

---

[8] Having adopted the Seventh Circuit's finding that the plain language of section 1182(d)(3)(A) controls, we decline the Attorney General's invitation to treat *Matter of Khan*, 26 I. & N. Dec. 797 (BIA 2016), as binding.  We acknowledge that the BIA's opinion in *Khan* and the Third Circuit's opinion in *Sunday v. Atty. Gen.*, 832 F.3d 211 (3d Cir. 2016) are contrary to our holding.  However, we find *Khan* and *Sunday* unpersuasive for the reasons set forth in *Baez-Sanchez v. Sessions*, 872 F.3d 854 (7th Cir. 2017).  In *Baez-Sanchez*, the Seventh Circuit decided not to follow *Khan* and *Sunday* because those cases did not identify any regulation that limits the IJs' authority to "act as the Attorney General's delegates in the cases that come before them" set out in 8 C.F.R. § 1003.10(a).  872 F.3d at 855–56.  We agree with that holding.

ends there as well."). Rather, it concluded that because USCIS has sole jurisdiction over U visas, and because in its view there is no regulation that supports concurrent waiver of inadmissibility jurisdiction of IJs, IJs cannot have concurrent jurisdiction. But as we explained, the plain language of § 1182(d)(3) gives IJs authority to grant waivers of inadmissibility. Therefore, the BIA's conclusion that the IJs do not have authority to grant waivers of inadmissibility cannot stand.

## IV.

Accordingly, we grant Meridor's petition for review of the BIA's final removal order, vacate the order, and remand for further proceedings. On remand, the BIA must reconsider Meridor's final order of removal. It should (1) take into account the fact that the IJ did have jurisdiction to grant Meridor a waiver of inadmissibility; (2) she exercised her discretion to do so; and (3) the proper standard of review for the IJ's factual findings is clear error.

**PETITION GRANTED. VACATED AND REMANDED.**