[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-10971
Non-Argument Calendar
_____

Agency No. A206-638-462

VICTOR MANUEL CHAVEZ-ROMERO,
KATHERIN YESSENIA CHAVEZ-ROMERO,

Petitioners,

versus

UNITED STATES ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(July 24, 2020)

Before BRANCH, HULL, and MARCUS, Circuit Judges.

PER CURIAM:[1]

Katherin and Victor Chavez-Romero ("petitioners") seek review of the Board of Immigration Appeals' ("BIA") denial of their motion to remand through which they sought a waiver of inadmissibility from the Immigration Judge ("IJ") to then get a continuance in their removal proceedings while their derivative U visa petition was pending with U.S. Citizenship and Immigration Services ("USCIS"). The BIA concluded that reopening the removal proceedings was not warranted because the petitioners had not established that USCIS's adjudication of their derivative U visa petition—itself a collateral matter—and the IJ's adjudication of their request for a waiver of inadmissibility would likely change or materially affect the outcome of their removal proceedings. Further, because petitioners themselves were "not precluded from seeking a U visa from the USCIS," and USCIS could adjudicate their waiver application, the BIA was not mandated to remand their case. Petitioners contend that the BIA's decision is erroneous as a matter of law, is not supported by the precedent it cites and fails to follow existing precedent, and ignores this court's holding in *Meridor v. U.S. Att'y Gen.*, 891 F.3d

---

[1] The panel hereby vacates its prior opinion filed on January 29, 2020, and now files this its revised opinion. As to the January 29, 2020 opinion, the Court denies Petitioners' Petition for Panel Rehearing filed on February 7, 2020.

1302 (11th Cir. 2018).  Upon careful review of the record and the briefs, we deny the petition.

## I.

As pertinent to this appeal, petitioners are minor siblings and natives and citizens of El Salvador.  They attempted to enter the United States illegally in 2014, but were stopped at a border crossing.  They were each issued a notice to appear that charged them with being removable because they were present in the United States without being admitted or paroled.[2]  At a subsequent hearing in front of the IJ to determine their status, they admitted the Department of Homeland Security's ("DHS") allegations of illegality and conceded removability.  Thereafter, they filed applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").  Their applications were denied, and they were ordered removed to El Salvador.  Petitioners then appealed to the BIA.

While their appeal was pending, petitioners' mother filed a U visa petition for herself, as well as petitions for the children to obtain derivative U visa status.[3]

---

[2] In the interim, the children were released to the custody of their mother who was already residing in the United States.

[3] As explained by this court:

A U visa is a nonimmigrant visa that is available to noncitizen victims of certain crimes to encourage noncitizens to come forward and help law enforcement

Petitioners also filed applications for a waiver of inadmissibility with USCIS for advance permission to enter the United States, pursuant to 8 U.S.C. § 1182(d)(3)(A).[4]  Subsequently, petitioners filed with the BIA a motion to remand to allow the IJ to consider whether to waive their inadmissibility and to then grant a continuance in their removal proceedings while USCIS adjudicated their U visa petitions.

The BIA affirmed the IJ's denial of the petitioners' applications for asylum, withholding of removal, and CAT relief, and denied their motion to remand.  In denying the motion to remand, the BIA reasoned that reopening of the proceedings was not warranted because petitioners had not established that "the collateral matter, the adjudication of a petition for U nonimmigrant status, and the Immigration Judge's adjudication of their request for a waiver of inadmissibility,

---

investigate and prosecute criminal activity. To obtain a U visa, foreign nationals must establish that they "suffered substantial physical or mental abuse," that they possess "information concerning criminal activity," and that they have been "helpful" to law enforcement in "investigating or prosecuting criminal activity." 8 U.S.C. § 1101(a)(15)(U).

*Meridor v. Att'y Gen.*, 891 F.3d 1302, 1304 n.1 (11th Cir. 2018).  A petition for a U visa can be granted only by the USCIS, which "has sole jurisdiction over all petitions for U nonimmigrant status."  8 C.F.R. § 214.14(c)(1).  In this case, petitioners' mother applied for a U-1 (principal petitioner) visa and submitted a petition to classify her children as U-3 nonimmigrants by derivation under 8 U.S.C. § 1101(a)(15)(U)(ii)(I).

[4] Both principal U visa petitioners and derivative petitioners must be admissible under 8 U.S.C. § 1182—for which both USCIS and the IJ can grant waivers of inadmissibility.  8 U.S.C. §§ 1182(d)(14), (d)(3)(A); *Meridor*, 891 F.3d at 1307 (holding that the plain language of § 1182(d)(3)(A) gives IJs, as delegates of the Attorney General, the authority to grant waivers of inadmissibility).

would likely change or materially affect the outcome of their removal proceedings." Furthermore, the BIA stated that petitioners were not precluded from seeking a U visa from USCIS. The BIA further concluded that, as USCIS has sole jurisdiction over petitions for U visas, remand was not warranted because petitioners could file their applications for waivers of inadmissibility with USCIS. Petitioners timely appealed.[5]

## II.

Courts generally look at the substance of a motion to remand to determine how it should be treated on appeal. *Najjar v. Ashcroft*, 257 F.3d 1262, 1301 (11th Cir. 2001). "[I]f a motion to remand seeks to introduce evidence that has not been previously presented, it is generally treated as a motion to reopen[.]" *Id*. Because the petitioners moved for remand so that the IJ could consider new evidence not previously presented—whether to waive their inadmissibility under 8 U.S.C. § 1182(d)(3)(A) and to grant a continuance in their removal proceedings while USCIS adjudicated their U visa petition—we scrutinize their motion as a motion to reopen. *See id.*

"The moving party bears a heavy burden, as motions to reopen are disfavored, especially in removal proceedings." *Zhang v. U.S. Att'y Gen.*, 572 F.3d

---

[5] Petitioners do not seek review of the denial of their applications for asylum and related relief. Rather, they seek to appeal only the denial of their motion to remand.

1316, 1319 (11th Cir. 2009) (internal citations omitted) (citing *I.N.S. v. Doherty*, 502 U.S. 314, 323 (1992)).  Thus, the movant "must 'present[] evidence of such a nature that the [BIA] is satisfied that if proceedings before the [IJ] were reopened, with all attendant delays, the new evidence offered would likely change the result in the case.'" *Ali v. U.S. Att'y Gen.*, 443 F.3d 804, 813 (11th Cir. 2006) (quoting *In re Coelho*, 20 I. & N. Dec. 464, 473 (BIA 1992)) (alterations in original).

We review the denial of a motion to reopen for abuse of discretion.  *Ali v. U.S. Att'y Gen.*, 643 F.3d 1324, 1329 (11th Cir. 2011).  This review is limited to determining whether the Board "exercised its discretion in an arbitrary or capricious manner." *Zhang*, 572 F.3d at 1319.  The BIA abuses its discretion when it misapplies the law in reaching its decision or fails to follow its own precedents without providing a reasoned explanation for doing so.  *Ferreira v. U.S. Att'y Gen.*, 714 F.3d 1240, 1243 (11th Cir. 2013).

## III.

Here, the BIA did not abuse its discretion by denying petitioners' motion to remand after determining that the petitioners' collateral matter—their derivative U visa application—and the IJ's adjudication of their request for a waiver of inadmissibility would not likely change or materially affect the outcome of their removal proceedings.  Petitioners' motion to remand sought a waiver of inadmissibility to then get a continuance in their removal proceedings while

6

USCIS processed petitioners' U visa petition.  An Immigration Judge may grant a motion for a continuance "for good cause shown." *See* 8 C.F.R. §§ 1003.29, 1240.6; *Matter of L-A-B-R-*, 27 I&N Dec. 405 (A.G. 2018).  In determining whether good cause supports a continuance where a respondent is pursuing collateral relief, the Immigration Judge should apply "a multifactor analysis, which requires that the immigration judge's principal focus be on the likelihood that the collateral relief will be granted and will materially affect the outcome of the removal proceedings." *Matter of L-A-B-R-*, 27 I&N Dec. at 406, 413.

As an initial matter, because only USCIS has jurisdiction to adjudicate a U visa petition, 8 C.F.R. § 214.14(c)(1), it indeed is a collateral matter and remand to the IJ would not change the petitioners' status under the previous final removal order.  Further, as respondents point out, petitioners concede that the filing of a petition for a U visa, even if granted, has no effect on DHS's authority to execute a final removal order like the one petitioners had; thus, there would be no change or material outcome from their derivative U visa application alone.  8 C.F.R. § 214.14(f)(2)(ii), (6).  Lastly, though the BIA recently stated in *Matter of Mayen-Vinalay* that a grant of a U Visa petition "would materially affect the outcome of [a] removal proceeding," it cautioned that this factor alone is "not dispositive" and it alone does not warrant a continuance.  27 I. & N. Dec. 755, 757–59 (BIA 2020) (holding that the IJ did not err in refusing to grant a continuance based on

petitioner's prima facie eligibility for a U Visa alone because "respondent's lack of diligence, the DHS's opposition, and the concerns of administrative efficiency . . . outweigh the respondent's prima facie eligibility for a U visa and the impact that the approval of his visa may have on proceedings). Therefore, the BIA did not abuse its discretion denying the motion to remand for a waiver of inadmissibility to grant a continuance.

We are also not persuaded that the BIA abused its discretion in determining that a remand was not warranted for the IJ to adjudicate the petitioners' request for an inadmissibility waiver. Petitioners contend that the BIA failed to apply this court's decision in *Meridor* correctly and the BIA was mandated to remand their petition to the IJ, but they misconstrue our holding.

In *Meridor*, the IJ granted Meridor a waiver of inadmissibility in his pursuit of a U visa. 891 F.3d at 1304. The BIA vacated the IJ's order, reasoning that the IJ did not have authority to grant such a waiver and, even if it did, Meridor was not entitled to a waiver on the merits. *Id*. at 1305. We disagreed and held that the plain language of 8 U.S.C. § 1182(d)(3)(A) granted IJs authority to issue waivers of inadmissibility.[6] *Id*. at 1307. But, importantly, while *Meridor* held that IJs have

---

[6] Under 8 U.S.C. § 1182(d)(3)(A), an otherwise inadmissible foreign national "who is in possession of appropriate documents or is granted a waiver thereof and is seeking admission, may be admitted into the United States temporarily as a nonimmigrant in the discretion of the Attorney General." INA § 212(d)(3)(A), 8 U.S.C. § 1182(d)(3)(A). The "Attorney General" includes his delegates, including, as is relevant here, IJs under certain circumstances. 8 C.F.R. § 1003.10(a) (explaining that IJs are "attorneys whom the Attorney General appoints as

concurrent jurisdiction with USCIS to grant waivers of inadmissibility, it in no way mandated that IJs *must* adjudicate inadmissibility waivers even after the IJ has issued a final order of removal and the matter is no longer in front of the IJ. *See generally id.* (stating that the plain language of § 1182(d)(3)(A) *permits* the Attorney General to waive inadmissibility of U visa applicants). Thus, because *Meridor* does not compel the BIA to remand a petition back to the IJ upon the filing of a request for a waiver of inadmissibility, whether a waiver of inadmissibility changes or materially affects the outcome of a final removal order is not something we have to reach today.[7]

Remand is not mandated under *Meridor* also where, as here, petitioners have other avenues for relief. First, petitioners can petition USCIS for a waiver of inadmissibility. 8 U.S.C. § 1182(d)(14). Second, as "[q]ualifying family members with final orders of removal," petitioners may seek an administrative stay of removal before DHS at any time. 8 C.F.R. § 214.14(f)(2)(ii) (permitting U-3 visa applicants to seek a stay of removal pursuant to 8 C.F.R. §§ 241.6(a) and 1241.6(a)). Lastly, even if USCIS grants the U-3 visas after petitioners are

---

administrative judges" that "shall act as the Attorney General's delegates in the cases that come before them").

[7] Likewise, we need not address petitioners' argument that granting a waiver of inadmissibility should result in complete relief from removal and termination of removal proceedings.

9

removed, the regulations permit petitioners to obtain their U-3 visa through the embassy or consulate in which they are located.  8 C.F.R. § 214.14(f)(6)(ii).

Finally, we are not persuaded by petitioners' argument that the BIA abused its discretion by not following its own precedent in *Matter of Sanchez-Sosa*, 25 I. & N. Dec. 807 (BIA 2012).  To start, the decision in *Matter of Sanchez-Sosa* was modified, and incorporated into, the Attorney General's decision in *Matter of L-A-B-R-*, 27 I. & N. Dec. 405 (AG 2018) which was expressly cited by the BIA.  But further, *Matter of Sanchez-Sosa* differs from this case due to a different procedural posture such that the BIA did not have to cite and follow it.  *Matter of Sanchez-Sosa* involved a request for a continuance from the IJ *before* there was a final order of removal.  25 I. & N. Dec. at 815.  Here, this case involves a request to reopen that was made *after* a final order of removal had been issued.  Thus, we conclude that *Matter of Sanchez-Sosa* is inapt and the BIA did not abuse its discretion.

Accordingly, we deny the petition for review.

**PETITION DENIED.**

10