[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-13364

Non-Argument Calendar

_____

JOSE PABLO GARCIA GALLARDO,

Petitioner,

*versus*

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
Agency No. A216-732-760

_____

Before JORDAN, BRANCH, and ANDERSON, Circuit Judges.

PER CURIAM:

Jose Pablo Garcia Gallardo ("Garcia Gallardo") appeals the Board of Immigration Appeals' ("BIA") order affirming the Immigration Judge's ("IJ") decision not to adjudicate his application for a waiver of inadmissibility that he submitted with his application for a U visa as a derivative of his wife's application. He argues: that the BIA erred in finding that the IJ correctly determined that he did not have to adjudicate the waiver request; that the BIA erred by failing to remand his case to the IJ after he filed his derivative U visa application for the first time before the BIA; and that the IJ and BIA abused their discretion by requiring him to show prima facie eligibility for a U visa in conjunction with his application for a waiver of inadmissibility without giving him an opportunity to do so.

When the BIA issues its own decision, we only review that decision, except to the extent the BIA expressly adopts the IJ's opinion or reasoning. *Murugan v. U.S. Att'y Gen.*, 10 F.4th 1185, 1192 (11th Cir. 2021). We review *de novo* questions of law and our subject matter jurisdiction. *Ponce Flores v. U.S. Att'y Gen.*, 64 F.4th 1208, 1217 (11th Cir. 2023). We review issues concerning statutory interpretation of the Immigration and Nationality Act ("INA") *de novo*, deferring to the BIA's interpretation under *Chevron U.S.A., Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837 (1984), if the statute is ambiguous or silent and the BIA's interpretation is reasonable. *Meridor v. U.S. Att'y Gen.*, 891 F.3d 1302, 1305-06 (11th Cir. 2018). If

22-13364               Opinion of the Court               3

the BIA has issued a single judge order that relies on its own precedent or ours, we will afford *Chevron* deference if applicable. *Hincapie-Zapata v. U.S. Att'y Gen.*, 977 F.3d 1197, 1200 (11th Cir. 2020).

When a petitioner files a motion to remand to the BIA and "seeks to introduce evidence that has not previously been presented, it is generally treated as a motion to reopen." *Chacku v. U.S. Att'y Gen.*, 555 F.3d 1281, 1286 (11th Cir. 2008). We will then review the BIA's denial of that motion to reopen for an abuse of discretion. *Id.*

We give significant discretion to the BIA to deny a motion to reopen, "even where the movant has made a *prima facie* case that reopening would otherwise be appropriate." *Bing Quan Lin v. U.S. Att'y Gen.*, 881 F.3d 860, 873 (11th Cir. 2018). "Reopening may be warranted *only* where the movant presents evidence that is new, material, and unavailable when the removal order was entered." *Id.* at 872. The BIA may deny a motion to reopen where the movant fails to produce evidence that was material and previously unavailable. *Id.* at 874.

Our jurisdiction to review orders of removal is limited by the INA, which provides that no court has jurisdiction to review any final order of removal against a non-citizen who is removable for committing a controlled substance offense. INA § 242(a)(2)(C), 8 U.S.C. § 1252(a)(2)(C). We also lack jurisdiction to review discretionary decisions of the Attorney General or Secretary of the Department of Homeland Security. INA 242(a)(2)(B)(ii), 8 U.S.C. § 1252(a)(2)(B)(ii). Notwithstanding these jurisdictional bars, we

retain jurisdiction to consider constitutional claims and questions of law.  INA § 242(a)(2)(D), 8 U.S.C. § 1252(a)(2)(D).  We have stated that we have jurisdiction under INA § 242(a)(2)(D), 8 U.S.C. § 1252(a)(2)(D), to review questions of law that are "the application of a legal standard to undisputed or established facts." *Patel v. U.S. Att'y Gen.*, 971 F.3d 1258, 1275 (11th Cir. 2020) (*en banc*) (quotation marks omitted).  However, abuse of discretion arguments cloaked in constitutional or legal language, as well as challenges to the evidentiary basis for a factual finding, are not sufficient to invoke our jurisdiction.  *Arias v. U.S. Att'y Gen.*, 482 F.3d 1281, 1284 (11th Cir. 2007).

An otherwise inadmissible foreign national "who is in possession of appropriate documents or is granted a waiver thereof and is seeking admission, may be admitted into the United States temporarily as a nonimmigrant in the discretion of the Attorney General." INA § 212(d)(3)(A), 8 U.S.C. § 1182(d)(3)(A).  In discussing this statute, we have explained that "[t]he 'Attorney General' includes his delegates, including, as is relevant here, IJs under certain circumstances." *Meridor*, 891 F.3d at 1305-06.  Further, "the Secretary of Homeland Security, in the [Secretary's] discretion, may waive the application of subsection (a)," which describes noncitizens who are inadmissible to the United States, for noncitizens applying for a U visa "if the Secretary of Homeland Security considers it to be in the public or national interest to do so." INA § 212(d)(14), 8 U.S.C. § 1182(d)(14); *see also Meridor*, 891 F.3d at 1306 n.6 (noting that this section reads "in the Attorney General's discretion" but is likely a scrivener's error and should read "in the

Secretary of Homeland Security's discretion," as the official version of the Code recognizes).

"A U visa is a nonimmigrant visa that is available to noncitizen victims of certain crimes to encourage noncitizens to come forward and help law enforcement investigate and prosecute criminal activity." *Meridor*, 891 F.3d at 1304 n.1. Qualifying family members such as spouses and children of the principal U visa applicant may apply as a derivative of the principal's application. INA § 101(a)(15)(U)(ii), 8 U.S.C. § 1101(a)(15)(U)(ii). Like the principal, the qualifying family member must be admissible to the United States to be eligible for a U visa, and if not, may file a Form I-192 to waive inadmissibility. 8 C.F.R. § 214.14(c)(2)(iv), (f)(ii). The principal U visa applicant will file a Form I-918, while the derivative beneficiary will file a Form I-918, Supplement A. *Id*. § 214.14(c)(2)(i), (f)(2).

In *Meridor*, we held that "the plain language of section 1182(d)(3)(A) grants to the Attorney General authority to waive the inadmissibility of an individual subject to removal applying for a temporary nonimmigrant visa, and therefore permits the Attorney General to waive the inadmissibility of U Visa applicants." *Meridor*, 891 F.3d at 1307 (internal citations omitted).

"The word 'may' customarily connotes discretion." *Jama v. Immigr. & Customs Enf't*, 543 U.S. 335, 346 (2005). "[T]he use of the word 'shall' suggests that discretion may not be granted." *Brasil v. Sec'y, Dep't of Homeland Sec.*, 28 F.4th 1189, 1193 (11th Cir. 2022). In *Brasil*, we found in analyzing a different section of the INA than the

one at issue here that in contrast to the use of "shall," the phrase "the Attorney General may . . . waive" "indicate[s] a grant of discretion." *Id*.

Here, because our precedent and the relevant statute indicate that an IJ may adjudicate an application for a waiver of inadmissibility in this situation but is not required to do so, the IJ did not err in finding that it did not have to adjudicate Garcia Gallardo's waiver. The BIA's interpretation here that INA § 212(d)(14), 8 U.S.C. § 1182(d)(14), does not mandate IJs to adjudicate waivers was a reasonable interpretation of the statute in light of the statute's use of the word "may" and its reliance on *Meridor*. *Hincapie-Zapata*, 977 F.3d at 1200. Nothing in *Meridor* suggests that IJs must adjudicate requests for inadmissibility waivers in this situation, as this Court held that the INA "permits the Attorney General to waive the inadmissibility of U visa applicants," not that the INA requires the Attorney General to do so. *Meridor*, 891 F.3d at 1307 (citing *L.D.G. v. Holder*, 744 F.3d 1022, 1030 (7th Cir. 2014)).[1] The statute also does not differentiate between whether an IJ can adjudicate an inadmissibility waiver before or after a final order of removal has been issued as Garcia Gallardo argues.

---

[1] Thus, we reject Garcia Gallardo's argument that the IJ was required to adjudicate his application for a waiver of inadmissibility. It is not clear whether he is also arguing that the IJ abused his discretion in declining to adjudicate his waiver request. However, to the extent he is challenging a discretionary decision, this Court lacks jurisdiction and we dismiss the petition as to any such discretionary decision.

22-13364               Opinion of the Court                    7

The BIA also did not abuse its discretion by not reopening Garcia Gallardo's proceedings after he filed his derivative U visa application before the BIA for the first time.   First, as discussed above, the BIA correctly found that the IJ did not have to adjudicate the inadmissibility waiver, even if he was prima facie eligible, so there was no reason for it to look at the U visa application. Second, Garcia Gallardo provided no context as to why he was filing his derivative U visa application with his appeal to the BIA or why it was previously unavailable to him while the case was still before the IJ, as he filed it with USCIS more than a year before his Notice to Appear was issued. *Bing Quan Lin*, 881 F.3d at 873.  Although he argues that he did not have a chance to present evidence of his prima facie eligibility for a U visa, he does not explain why he did not or could not have filed his derivative U visa application with the IJ.   Lastly and most importantly, Garcia Gallardo did not file his wife's U visa application that he was a derivative of before the BIA or IJ, so neither court could have determined whether the principal visa application was likely to be granted, and thus neither court would be able to determine his eligibility for lawful status if his inadmissibility were waived.  Garcia Gallardo has not provided any meaningful reason as to why remand or reopening would be warranted. *Bing Quan Lin*, 881 F.3d at 873-74.

It is also unclear what legal basis Garcia Gallardo is relying on to argue that the IJ and BIA abused their discretion in requiring him to file his U visa application in support of his request for a waiver of inadmissibility and requiring him to establish prima facie eligibility for a U visa in support of that request.  Instead, it appears

this is just an abuse of discretion argument as to the agency's decision not to adjudicate his inadmissibility waiver, which is not a legal or constitutional argument that this Court has jurisdiction to review. *Arias*, 482 F.3d at 1283. Because we lack jurisdiction to rule on the agency's discretionary decisions, we dismiss his petition as to his argument that the BIA abused its discretion in requiring a showing of prima facie eligibility for a U visa when deciding whether to adjudicate his request for a waiver of inadmissibility.

**PETITION DISMISSED IN PART AND DENIED IN PART.**