**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————

No. 24-13668

Non-Argument Calendar

————————————

JORGE RODRIGO FAJARDO ZUMBA,

*Petitioner,*

*versus*

U.S. ATTORNEY GENERAL,

*Respondent.*

————————————

Petition for Review of a Decision of the
Board of Immigration Appeals
Agency No. A097-687-333

————————————

Before JORDAN, BRASHER, and ABUDU, Circuit Judges.

PER CURIAM:

**I.**

In July 2005, an immigration judge ("IJ") ordered Jorge Rodrigo Fajardo Zumba removed. Zumba has twice attempted to

reopen his proceedings, with the IJ and the Board of Immigration Appeals ("BIA") rejecting both attempts.

The BIA denied Zumba's most recent motion to reopen in October 2023, and that order is the subject of Zumba's petition for review before us. The BIA determined: (1) that the motion was untimely and number-barred; (2) that, regardless, Zumba had not shown prima facie eligibility for cancellation of removal, as he had not shown a reasonable likelihood that his relatives would suffer "exceptional and extremely unusual" hardship within the meaning of 8 U.S.C. § 1229b(b)(1)(D) if he were removed; and (3) that Zumba had not addressed whether it should exercise its discretion in his favor, as would be required to grant an application for cancellation of removal, because he had not sufficiently addressed the negative equities in his case or submitted enough evidence to overcome them.

In his brief to us, Zumba argues that the BIA erred by determining: (1) that his motion was procedurally barred, as he should have been entitled to equitable tolling; (2) that he had not shown prima facie eligibility for cancellation of removal, as it did not sufficiently address evidence establishing that his relatives would suffer hardship if he were removed; and (3) that he had not addressed whether it should exercise its discretion in his favor, as it ignored evidence of favorable equities, pointing again to evidence concerning his relatives, and, as a result, issued a deficient decision.

The government filed a motion to dismiss the petition for lack of subject matter jurisdiction or, alternatively, for summary

affirmance.  In support of its motion to dismiss, the government argues that Zumba is seeking review of a judgment regarding cancellation of removal, over which we lack jurisdiction.  Specifically, the government argues that the BIA's determination that Zumba had not addressed whether it should exercise its discretion in his favor is unreviewable under the discretionary decision bar.  Zumba responds, inter alia, that we have jurisdiction to review assertions that the BIA failed to give reasoned considered to an issue.  The government replies, inter alia, that Zumba has not raised a meaningful legal challenge to the BIA's third determination.

**II.**

We agree with the government that we lack jurisdiction over Zumba's petition.

Zumba seeks review of an order denying a motion to reopen, which is a type of order we generally have jurisdiction to review.  *See Jaggernauth v. U.S. Att'y Gen.*, 432 F.3d 1346, 1350 (11th Cir. 2005) (explaining that, under 8 U.S.C. § 1252(a)(1), we have jurisdiction to review final orders of removal); *Patel v. U.S. Att'y Gen.*, 334 F.3d 1259, 1261 (11th Cir. 2003) ("Implicit in this jurisdictional grant is the authority to review orders denying motions to reopen.").  However, his motion to reopen was related to an application for cancellation of removal under § 1229b, judgments regarding which we lack jurisdiction to review.  *See* 8 U.S.C. § 1252(a)(2)(B)(i); *Guzman-Munoz v. U.S. Att'y Gen.*, 733 F.3d 1311, 1314 (11th Cir. 2013) ("[B]ecause our jurisdiction to review denials of motions to reopen derives from our jurisdiction to review final

orders of removal, . . . the jurisdiction-stripping provisions of § 1252(a)(2)(B)(i) . . . apply to . . . review of . . . denials of motions to reopen.").

Nevertheless, under 8 U.S.C. § 1252(a)(2)(D), that jurisdictional bar does not limit our ability to review colorable questions of law. *Martinez v. U.S. Att'y Gen.*, 446 F.3d 1219, 1221-22 (11th Cir. 2006); *see Arias v. U.S. Att'y Gen.*, 482 F.3d 1281, 1284 & n.2 (11th Cir. 2007) (explaining that such challenges must be "at least . . . colorable," meaning they must have "some possible validity" (quotation marks omitted)); *Patel v. U.S. Att'y Gen.*, 971 F.3d 1258, 1273 (11th Cir. 2020) (*en banc*) ("In other words, a party may not dress up a claim with legal . . . clothing to invoke our jurisdiction.").

Zumba has raised colorable legal challenges to the BIA's determinations that his motion was procedurally barred and that he had not shown prima facie eligibility for cancellation of removal. *See Hamilton v. U.S. Att'y Gen.*, 138 F.4th 1312, 1315, 1317-18 (11th Cir. 2025) (reviewing a determination that a motion to reopen was procedurally barred as a question of law); *Wilkinson v. Garland*, 601 U.S. 209, 217, 225 (2024) (reviewing a challenge to the BIA's application of the "exceptional and extremely unusual hardship" standard as a mixed question of law and fact); *Jeune v. U.S. Att'y Gen.*, 810 F.3d 792, 799, 803 (11th Cir. 2016) (describing a viable "reasoned-consideration" challenge), *abrogated in part on other grounds by Santos-Zacaria v. Garland*, 598 U.S. 411, 415-23 & n.2 (2023) (concerning § 1252(d)(1)'s exhaustion requirement).

However, Zumba's argument regarding the BIA's determination that he had not addressed whether it should exercise its discretion in his favor does not rise to that level. He argues that the BIA ignored evidence of favorable equities but, in support of its third determination, the BIA stated only that Zumba had not sufficiently addressed negative equities or submitted enough evidence to overcome them. In this way, Zumba's third argument is not a viable reasoned-consideration challenge to the adequacy of the BIA's discussion but is rather an off-point challenge to a discretionary conclusion dressed up as such. *See Jeune*, 810 F.3d at 803; *Patel*, 971 F.3d at 1273. As a result, we lack jurisdiction to review that determination. *See* 8 U.S.C. § 1252(a)(2)(B)(i), (a)(2)(D); *Guzman-Munoz*, 733 F.3d at 1314; *Martinez*, 446 F.3d at 1221-22.

Further, the BIA's determination about negative equities would have justified denying Zumba's motion to reopen independently of its other determinations, as granting an application for cancellation of removal requires a favorable exercise of discretion. *See* 8 U.S.C. § 1229b(b)(1) ("The Attorney General *may* cancel removal . . . ." (emphasis added)). Accordingly, because we lack jurisdiction to review that determination, we will not address the first two determinations, even though we have jurisdiction to do so, as reviewing them would not alter the BIA's ultimate judgment and, thus, would amount to rendering an advisory opinion. *See Malu v. U.S. Att'y Gen.*, 764 F.3d 1282, 1290-91 (11th Cir. 2014) (explaining that, even when a petitioner presents a colorable legal challenge to some determination, we will not address it if we lack jurisdiction to review another independently dispositive determination),

*abrogated in part on other grounds by Santos-Zacaria*, 598 U.S. at 415-23 & n.2 (2023) (concerning § 1252(d)(1)'s exhaustion requirement); *Meridor v. U.S. Att'y Gen.*, 891 F.3d 1302, 1305 (11th Cir. 2018) ("We would issue an impermissible advisory opinion if we opined on [one ground] when the BIA provided another ground that would resolve this case." (citing *Malu*, 764 F.3d at 1290-91)).

Therefore, the government's motion to dismiss is GRANTED. The petition is DISMISSED for lack of jurisdiction.